## BRANCH BANK AT MOBILE v. FURNESS, ET AL.

1. The circumstance that a creditor has foreclosed a mortgage, and obtained a decree for the sale of the mortgaged premises, does not constitute him a judgment creditor, so as to entitle him to redeem the premises from the purchaser under the act of 1842.

Writ of Error to the Court of Chancery for the eleventh Chancery District.

THE case made by the bill is this:

In December, 1842, the complainant obtained a decree against one Wyman for the foreclosure of a certain mortgage, and the sale of the mortgaged premises. Under this decree, the premises were sold, and purchased by Furness for $2525. Afterwards, on the 20th October, 1843, a tender was made

to him on behalf of the bank, of the sum thus paid, together
with interest thereon at the rate of 10 per cent. per annum,
besides all costs, charges and expenses incurred by Furness,
and at the same time offered to credit a like sum on the debt
of Wyman recited in the mortgage, under which the decree
of foreclosure was made, and demanded a conveyance under
the terms of the act 1842.  Furness then pretended to be a
creditor of Wyman, and met the demand with an offer to
credit his debt with the same amount.  The bank then of-
fered to credit Wyman on the mortgage, the entire sum re-
maining due—$5941—and Furness still pretending to be a
*bona fide* creditor to a greater sum, offered to make the same
credit.  The bill then proceeds to charge that Wyman is not
indebted *bona fide* to Furness in any such amount, and states
facts and circumstances tending to show the supposed in-
debtedness was either fraudulent or simulated.  The prayer
is, that a redemption of the premises may be allowed under
the statute.  There is no assertion in the bill, that the mort-
gage debt against Wyman has been reduced to a judgment at
law.

The answer of Furness asserts that Wyman, at the time of
the purchase, and ever since, was indebted to him in a larger
sum than offered to be credited by the bank, and that that
sum was credited to Wyman, in consequence of the offer by
the bank to redeem.  Wyman adopts the answer of Furness,
and being examined as a witness, establishes the facts assert-
ed by the answer.

The chancellor, at the hearing of the cause on the bill,
answers, exhibits and proofs, dismissed the bill on the ground
that the mortgage to the bank, being a contract anterior to
the act of 1842, was not, nor could be, constitutionally af-
fected by it, and therefore Furness, as purchaser, was not
compelled to accept the offer to redeem.

ELMORE, for the plaintiff in error.
J. E. BELSER, contra.


GOLDTHWAITE, J.—One view is entirely decisive of

this cause, without entering upon the question decided by the chancellor, or those which are supposed to be presented by the bill and proofs in addition to it. It does not appear from any allegation in the bill, that the complainant has ever reduced the demand against Wyman to judgment, and having recently held, in the case of Thomason v. Scales, *supra*, that none but a judgment creditor is entitled to redeem under the statute, the bill fails on that ground. The circumstance that the complainant has prosecuted his mortgage to a foreclosure, does not place him in any better condition as to the debt, than if no proceedings on the mortgage had been had, as this would not prevent the debtor from interposing the bar of the statute of limitations to a suit on the mortgage debt, allowing that to have run, and possibly too as to any other defence.

Decree affirmed.