# Posey *v.* Pressley.

*Statutory Action for Unlawful Detainer of Lands, brought by Judgment Creditor against Purchaser at Execution Sale.*

1. *Who may redeem.*—The plaintiff in the judgment, under whose execution the land was sold, is embraced in the general words of the present statute, "all judgment creditors of the debtor" (Code of 1876, § 2881), and may redeem from the purchaser at execution sale, if his judgment was not obtained by confession, and was not satisfied by the sale.

2. *Re-enactment of statute judicially construed.*—The substantial re-enactment, in the Code of 1852, of a statute which had been judicially construed by this court, is a legislative adoption of that judicial construction; and the mere omission of special words found in the former statute, and which are embraced in the general words used in the Code, will not be held to imply a change in the statute.

3. *Permanent valuable improvements.*—When permanent valuable improvements have been erected on the land, by the purchaser at execution sale, or other person holding possession under him, the creditor proposing to redeem must pay, or offer to pay, their value, as a part of the "lawful charges" (§§ 2881, 2887); but, if he makes a general offer to redeem, and his right to redeem is denied, he is excused from making any particular inquiry as to a claim for improvements.

4. *Limitation of action.*—Three years is the statutory limitation of an action for the unlawful detainer of lands (Code of 1876, § 3705); yet, when the action is brought by a judgment creditor, or other person having a statutory right to redeem, whose offer to redeem has been refused, quiet possession for three years after the sale is not necessarily a bar, since the statute does not begin to run until the accrual of the plaintiff's cause of action by the tender and refusal.

5. *Outstanding or superior title acquired by purchaser.*—If the purchaser at execution sale, or person holding possession under him, afterwards acquires an outstanding or superior title, he can not refuse an offer of redemption on that account, nor set up that title in defense of an action of unlawful detainer at the suit of the person offering to redeem: he must surrender the possession, and convey the interest which he acquired by the sheriff's deed, and then assert his superior title by proper action.

[Posey v. Pressley.]

APPEAL from the Circuit Court of St. Clair.

Heard before the Hon. WM. L. WHITLOCK.

This action was brought by William R. Pressley, against Amos L. Posey and James Williams, to recover the possession of a certain tract of land, "known as the Philemon Bradford place;" and was commenced, before a justice of the peace, on the 31st August, 1875. There seems to have been some misdescription of the lands, or some question as to their identity ; which, however, requires no special notice, as the case is here presented. The record does not show which of the parties removed the case into the Circuit Court. The plaintiff had obtained a judgment against said Philemon Bradford, in the Circuit Court of said county, on the 20th March, 1866, for $258.30, besides costs ; and an *alias* execution on this judgment was levied on said lands, as the property of said Bradford, on the 1st February, 1871. At the sheriff's sale under this levy, on the 2d October, 1871, James H. Vandegrift became the purchaser, at the price of $50, and received the sheriff's deed ; and on the 4th August, 1872, he sold and conveyed to said A. L. Posey, the principal defendant ; the deed reciting the payment of $215 as its consideration, and containing covenants of warranty against the grantor, his heirs, and all persons claiming under him. The plaintiff's judgment against Bradford being unsatisfied, he claimed the right to redeem the lands under the statute (Rev. Code, §§ 2509–21) ; and his offer to redeem being refused, he brought this action. The defendant pleaded "the general issue, and the statute of limitations of three years ;" and issue was joined on these pleas.

On the trial, as the bill of exceptions shows, the plaintiff read in evidence his judgment and execution against Bradford, under which the land was sold as above stated, with the sheriff's indorsement ; and then introduced one James Foreman as a witness, "who testified, in substance, that said A. L. Posey was in possession of said land at the commencement of this suit. The plaintiff proposed to prove by said witness, also, that some time during the month of July, 1875, he, in company with said witness, met said Posey, who was then claiming to be in possession of said lands, by and through his tenant, James Williams ; and that plaintiff then and there offered to redeem said lands, and tendered to said Posey the amount bid for said lands at said sheriff's sale, to-wit, $50, and ten per cent. *per annum*, together with all lawful charges, and that said Posey refused to accept the money thus tendered. The defendants objected to the introduction of this evidence, as irrelevant and inadmissible, on the ground that the plaintiff had no right to redeem under said judgment

under which the lands had been sold; but the court over-ruled the objection, and permitted the evidence to go to the jury; to which action and ruling the defendants excepted." The plaintiff proved, also, that he had entered on the execution docket a credit of $5.00 on his judgment, being ten per cent. of the amount bid at the execution sale; and that he had made a written demand of possession before the commencement of the suit.

" The defendant Posey then testified, as a witness for himself, that he went into absolute possession of said land, on the 4th August, 1872, under a purchase and conveyance from said James H. Vandegrift; that he claimed and held possession, also, under a purchase and conveyance on the 8th February, 1872, from one N. J. Wilhite, who was then in possession of said lands, occupying and claiming to be the owner thereof under a purchase and conveyance from said Philemon Bradford, the defendant in execution; and to show the character and extent of his possession and claim, he introduced, without objection, the deed from said Wilhite to him, and the deed from said Bradford to Wilhite." Bradford's deed to Wilhite was dated 25th September, 1871, recited the payment of $500 as its consideration, and contained full covenants of warranty; and Wilhite's deed to Posey, which was dated the 8th February,1872, recited the same consideration, and contained the usual covenants of warranty. The defendant Posey testified, also, that, at the time of said alleged tender and offer to redeem by plaintiff, he had made valuable improvements on the lands, of the value of $25, and that plaintiff did not offer to pay him the value of said improvements. The defendant introduced evidence, also, that said Philemon Bradford was in possession of said lands at the time of said sale under execution, was a citizen of Alabama, and the head of a family; and that after the levy of said execution, and before the sale by the sheriff, said Bradford duly made claim of said land as his homestead exemption, by affidavit in writing in due form of law, which he delivered to the sheriff before the sale under said levy; that the plaintiff was present, by his attorney, at said sheriff's sale, and that said lands were, at the time of said sale, worth $500. The defendant then introduced said James H. Vandegrift as a witness, who testified, that he took peaceable possession of said lands immediately after his purchase at the sheriff's sale, and sold and conveyed to said Posey on the 4th August, 1872, and put him in possession. The plaintiff then testified, in rebuttal, that he asked said Posey, at the time of said tender and offer to redeem, if he had made any improvements on the lands since and during his possession, and that

said Posey answered the question in the negative. Plaintiff introduced said James Foreman also, who testified, in rebuttal, that said Posey told plaintiff, at the time of said tender and offer to redeem, that he had not made any improvements on the lands." It was shown, also, that the defendant Williams was the tenant of Posey, and had agreed, without the knowledge of Posey, to hold as the tenant of the plaintiff.

" This was all the evidence ; whereupon, the court charged the jury, *ex mero motu*, as follows :

"1. Notwithstanding the plaintiff in this action was also the plaintiff in the judgment under which the lands were sold by the sheriff to said Vandegrift, yet he had the legal right to redeem said lands from said Vandegrift, and also from Posey, Vandegrift's vendee.

"2. That if the jury believed, from the evidence, that the plaintiff, within two years after the sheriff's sale under execution, offered to redeem the lands from said Posey, he being then in possession as the vendee of the purchaser at said sale, by tendering him $50, the sum bid at said sale by said Vandegrift, with ten per cent. *per annum* thereon, and all lawful charges, and Posey refused to accept the money thus tendered ; and if they further believed, from the evidence, that plaintiff credited his said judgment against Bradford with a sum equal to ten per cent. of the amount bid by said Vandegrift at said sheriff's sale,—this entitles plaintiff to recover in this action, if there was no other reason why he should not recover ; and if there was no such other reason to the contrary, the jury must, under such evidence, find for the plaintiff.

"3. That the plaintiff, on offering to redeem from Posey, was not by law required to pay him the value of permanent valuable improvements made by him on the lands while in his possession : that, to entitle him to recover in this action, it was only necessary for him to offer to pay the amount bid by Vandegrift at the sheriff's sale, ten per cent. thereon, and the costs of conveyance : that if Posey had made permanent improvements on the lands, he was required to inform plaintiff of the fact and value of such improvements, and demand payment for the same ; whereupon, if the parties could not agree to the value of the improvements, each must appoint a referee to ascertain their value ; but that a refusal by plaintiff to pay for such improvements, before the amount was settled or agreed on, did not destroy nor prevent his right to recover in this action.

" 4. That the plaintiff was allowed by the statute two years, from and after the sheriff's sale, in which to redeem the lands, and was allowed three other years, after the offer

[Posey v. Pressley.]

to redeem, to bring his action of unlawful detainer against the party in possession; and that if the jury believe, from the evidence, that this action was brought within three years after the plaintiff offered to redeem the land, the action is not barred by the statute of limitations, although the defendant may have had more than three years continuous and uninterrupted possession of the land next preceding the bringing of the action.

"The defendant excepted to each of these charges, and requested the court, in writing, to instruct the jury as follows: 'If the jury believe, from the evidence, that Bradford, the defendant in execution, after the levy, and before the sale, claimed the lands by affidavit as exempt from sale under execution, being the head of a family, and residing on the lands as a homestead; and further, that said Bradford, before the sheriff's sale, and after such claim of exemption was interposed, conveyed said lands, or his possession of the same, to Wilhite, the vendor of said Posey; then no title passed by the sheriff's sale to Vandegrift, and plaintiff could not redeem the lands, and hence he can not recover in this action.' The court refused this charge, and the defendant excepted."

The charges given by the court, the refusal of the charge asked, and the rulings of the court on the evidence, as above stated, are now assigned as error.

L. F. Box, with whom was John W. Inzer, for appellant. 1. The plaintiff had no right to redeem the land, under the same judgment under which he had sold it. He should have bought the land himself at the sheriff's sale, or made it bring the amount of his judgment. By the sheriff's sale, his lien on the land was destroyed; and it can not be again made liable, unless it again comes into the hands of his debtor. The redemption law of 1842 expressly gave him the right of redemption, when his judgment was unsatisfied by the sale; but the present statute, if not expressly, by necessary implication takes away the right, by putting him on the footing of other judgment creditors only when he becomes the purchaser at his own sale; and public policy, as declared by the statute, to prevent the sacrifice of the real estate of a helpless debtor, requires this construction.— Clay's Digest, 503, § 5; Rev. Code, § 2517; *Freeman & Warren v. Jordan*, 17 Ala. 500; Freeman on Executions, 529, § 317; Herman on Executions, 438. The right of redemption is strictly statutory, and it can not be extended by judicial construction.

2. Permanent valuable improvements are a part of the law-

ful charges, which the party desiring to redeem must pay, or offer to pay.—Rev. Code, § 2519; *Johnson v. Nabring*, 50 Ala. 392.

3. The fourth charge of the court, in effect, extended the statute of limitations from three to five years. The statute must be strictly construed.—*Gardner v. Stevens*, 2 Amer. 700, and authorities there cited; Angell on Lim. §§ 23, 29, 485–88. The statute begins to run against the plaintiff from the time when he may bring his action, or may perform the act on which his right of action depends. The sheriff's sale was made on the 2d October, 1871, while the offer to redeem was in July, 1875, more than two years afterwards.

4. Nothing whatever passed to the purchaser at the sheriff's sale. The defendant had made affidavit, and done every thing that he was required to do, to perfect his right of homestead exemption, before the sale; and this homestead exemption was lawfully conveyed to Wilhite, who sold and conveyed to Posey. As nothing passed by the sheriff's sale, there was nothing to redeem.

BRICKELL, C. J.—The first statute authorizing the redemption of real estate, sold under legal process, decree of a Court of Chancery, a mortgage, or a deed of trust, was enacted in 1842; and the right of redemption was limited to the debtor, and to his *bona fide* creditors. Not long after its enactment, it was decided, that the term *creditors* did not embrace creditors at large, but only such creditors as had reduced their debts or demands to judgment.—*Thomason v. Scales*, 12 Ala. 309; *Br. Bank Mobile v. Furniss*, 12 Ala. 367. It was expressly declared, that the plaintiff in execution, whose judgment was not satisfied by a sale of the lands, should be entitled to redeem from the purchaser.—*Freeman v. Jordan*, 17 Ala. 500. The present statute confers the right of redemption on the debtor, and on "all judgment creditors of the debtor, who, without fraud or collusion, had obtained such judgment before the sale of the land, or within two years thereafter, except by confession of the debtor."—R. C. § 2513. On the plaintiff in execution, whose judgment is unsatisfied by a sale of the lands, the right of redemption is not now conferred in express terms. It is insisted that, in the absence of such provision, he has not such right, because the sale of the lands removed from them the lien of the execution, as to the purchaser, and it can not attach again, unless the defendant in execution subsequently acquires an estate in them subject to levy and sale. The correctness of this proposition we shall not discuss; for we are convinced, the true construction of the present statute is, that the judgment

creditor, whose judgment is unsatisfied by a sale, if his judgment was not obtained by confession, is embraced, and was intended to be embraced, by the general term " *all judgment creditors of the debtor.*"

2. An established rule of construction of the Code is, that in its adoption the legislature is presumed to have known the judicial construction which had been placed on former statutes ; and the substantial re-enactment of such statutes is an adoption of that construction. Again, in its construction, the manifest purpose to express in general words the substance of former statutes, must be borne in mind ; and from the omission of special words found in former statutes, embraced by the general words, an intention to change former statutes will not be implied. It is obvious that, in the adoption of the present statute, the legislature had in view not only the former statute, but the judicial construction it had received. Whatever changes it was proposed to make, either in the statute, or in its construction, are made in express terms, and not left to inference. The statute now employs the term *"judgment* creditors," in the place of the term *"bona fide creditors,"* which had been construed to embrace only judgment creditors. The former statute was silent as to whether the creditor must have had judgment at the time of the sale, or whether if he obtained judgment subsequently, before the expiration of the two years, he could redeem. Subsequent, as well as prior, or existing judgment creditors, were declared entitled to redeem.—*Pollard v. Taylor*, 13 Ala. 604. The statute now, in express terms, embraces both classes of judgment creditors. A creditor obtaining judgment by confession had the right of redemption under the former statute.—*Couthway v. Berghaus*, 25 Ala. 393. The statute now, in express terms, excludes him ; and this is the only change of judicial construction, which is expressly made. The present statute evidently intends to enlarge, rather than narrow (except in the particular instance of creditors obtaining judgment by confession), the right of redemption. A child, to whom the parent had conveyed the lands, may redeem. The executor or administrator of the debtor, or of a judgment creditor, is entitled to redeem.—R. C. §§ 2518, 2521.

We cannot doubt, if there had been an intention to change the former statute, so as to take from the judgment creditor, whose judgment remains unsatisfied by a sale of the lands, the right to redeem from the purchaser, it would have been expressed clearly, as was the change in reference to creditors having judgments by confession. The words of the statute, " *all judgment creditors,*" in their natural import embrace

every *judgment creditor*. These are followed by words of exclusion of particular judgment creditors, and the exception thus made can not by construction be enlarged. The New York authorities, referred to in Freeman on Executions, § 317, depend on a statute, which provides · that a plaintiff, under whose execution any real estate shall have been sold, shall not be authorized to redeem from the purchaser.—*Ex parte Paddock*, 4 Hill, 544.

The purpose of the statute is to prevent the sacrifice of real estate at forced sales under judicial process or decrees, or mortgages, or deeds of trust, and to afford the debtor, or his creditors, in payment of his debts, the advantage of any increase in the value of the lands, within the statutory period. Personal benefit to the creditor is not intended, except so far as it is in relief of the debtor. The evil which the statute proposes avoiding occurs, or may occur, at any of the sales to which the statute refers. The relief of the debtor, it may be, can be afforded by no other creditor, than the one under whose judgment the land was sold. The operation of the statute would be circumscribed, and its efficiency to accomplish the purposes for which it is intended would be lessened, if the creditor under whose judgment the land is sold was excluded from the right of redemption. If it was his benefit the statute was intended to secure, it would, perhaps, be just to say he should have bid more, and compelled the satisfaction of his judgment, or have become the owner of the land. But it is the benefit of the debtor, whose land is subjected to forced sale, the statute regards, and whatever of benefit enures to the creditor is for the relief of the debtor, and in satisfaction of the demand against him.

3. The third instruction given by the court is erroneous. A person offering to redeem must pay, or offer to pay, for valuable improvements made by the purchaser while in possession. An offer to pay the purchase-money, ten per cent. *per annum* thereon, and the costs of conveying, is not sufficient. He is not entitled to demand of the purchaser a conveyance, nor does the title vest in him by force of the statute, unless he offers to pay " all *lawful charges ;*" which, it is manifest, embrace not only the costs of conveying, but the value of all permanent improvements made by the purchaser. The term may embrace other charges and claims, and we have no purpose now of indicating what other charges than the value of permanent improvements it may embrace. Payment of these is contemplated, and the party offering to redeem should inquire of the purchaser, or whoever may be in possession, and ascertain whether any, and what improvements have been made, and the value claimed

for them. It is then the duty of the purchaser, or whoever has succeeded to the possession, to inform him fully of the character and value of such improvements ; and if the parties cannot agree as to the character of the improvements, whether they are permanent, enhancing the value of the lands, or as to the value, referees must be nominated.—R. C. § 2519. Generally, the person offering to redeem will be uninformed as to the character and value of the improvements the purchaser may have made, or as to the fact of improvements having been made. His duty is performed, when his offer clearly indicates a willingness and readiness to pay for such improvements, on being informed of their character and value, and on being satisfied that they are permanent. Good faith and fair dealing must be observed by each party : the right of redemption must not be embarrassed by the want of it on the part of the party in possession ; nor must the person offering to redeem seek a redemption on any other terms than are expressed in the statute. When a willingness and readiness to pay for improvements is indicated by the offer to redeem, then it is the duty of the purchaser, or party of whom redemption is claimed, to give full information of his claim ; and if he fails or refuses, the offer becomes sufficient. It is proper to say, in view of some of the evidence found in this record, that if there is a general offer to redeem, and the right of redemption is denied, the party offering to redeem will be excused from any particular inquiry as to a claim for improvements.

4. The debtor, or a judgment creditor, complying with the statute, if redemption is refused, may maintain an action of unlawful detainer for the recovery of possession.—R. C. §§ 2512, 2516. The limitation of this action is three years ; but such limitation will not commence running until the right of action accrues.

5. All that the purchaser is required to do, is to convey the title acquired by his purchase at the judicial sale, or the sale under a mortgage or deed of trust. Any other right or title he may have acquired, or any independent right and title he may hold, is not affected by the redemption, nor by the conveyance he is required to make.— Weathers v. Spear, 27 Ala. 455. If he has entered into possession under his purchase, he must surrender it when a redemption is made, or on a proper offer to redeem. The purpose of the statute is, that the debtor, if he exercises the right of redemption, shall be restored to the right and possession he had at the time of the sale ; and that the creditor redeeming shall be remitted to the right and possession the purchaser from whom he redeems acquired by his purchase. A redemption

[Bradley v. Northern Bank of Alabama.]

cannot be resisted because the purchaser may subsequently have acquired a title superior to that obtained at the judicial sale, or sale under mortgage or deed of trust; nor can the purchaser, who enters under such sale, resist the surrender, or the recovery of possession, because of such title. When the debtor is restored to the possession he was compelled to relinquish, or the creditor is remitted to the possession the purchaser acquired, if the purchaser has a superior title, he may assert it by appropriate remedy for the recovery of possession. Whether the judgment debtor had a homestead in the premises, and whether his right thereto was affected by the sheriff's sale,—and whether the conveyance under which Posey claims the lands conveys the better title, are not questions which arise in the present action. The inquiry is not into the title, but the sale by the sheriff, the entry into possession under that sale, and whether there has been, in compliance with the statute, an offer to redeem, which was refused. The facts existing, the statute casts on the purchaser, or his tenant, the duty of surrendering possession; and if they fail, subjects them to an action of unlawful detainer.

For the error pointed out, the judgment is reversed, and the cause remanded.