# Mobile Mutual Insurance Co. *v.* Steele.

## *Unlawful Detainer.*

1. *Redemption; confessed judgment, not available to defeat.*—Our statutes prohibit the use of a confessed judgment to a purchaser, who is resisting redemption of the debtor's property sold under judicial process, as well as to a creditor who is seeking to redeem it.

APPEAL from Circuit Court of Autauga.
Tried before Hon. JAMES Q. SMITH.
The appellant, the Mobile Mutual Life Insurance Com--

pany, brought his action of unlawful detainer, before a justice of the peace, against the appellee, Steele. The justice having decided the case against appellant, it appealed to the Circuit Court.

The admitted facts were as follows: The lands sued for formerly belonged to Steele. They were sold on the 25th day of January, 1877, under a decree in chancery against him. Nunn and Underwood purchased, and thereafter Steele held as their tenant, and refused on due demand to deliver possession. After the sale Nunn obtained two judgments against Steele by confession. On the same day appellant obtained a judgment against Steele by default. On the first day of June, 1877, appellant tendered Nunn and Underwood the amount of their bill, ten per cent. thereon, and all other lawful charges, and offered to credit and did credit its judgment against Steele, with the amount required by law, and offered to do all that the law required, in order to redeem as a judgment-creditor of Steele. Nunn and Underwood refused to allow the redemption, and claimed the right to hold the lands under the judgments Nunn had recovered against Steele by confession, and they credited one of these confessed judgments with the sum which appellant credited on its judgment.

The court charged the jury, if they believed the evidence, to find for the defendant. Exception was duly reserved to this charge, and it is now assigned as error.

WATTS & SONS, and MAC. A. SMITH, for appellant.—The statute intended when a debtor's lands are sold under executions, decrees, &c., that his lands, even after the public sale, should be put up to auction among a certain class of his creditors. Who were to be the bidders at this auction? All persons, who were judgment-creditors at the time of the sale, and all persons who might become *judgment*-creditors of the debtor within two years after the sale, except those who should become such judgment-creditors by collusion with, or by *fraud* or *confession* of the debtor. If he was a judgment-creditor by collusion with, or by fraud or confession of the debtor, he is excluded from the class of bidders. The purchaser, who becomes a judgment-creditor, is authorized to become one of *these bidders*, provided he is not a judgment-creditor by collusion with, or by the fraud or confession of the debtor. The privilege given the purchaser is simply a means of enabling him, if he becomes a proper judgment-creditor to *redeem* from himself as a purchaser;

and it enables him to retain the lands he has purchased unless some proper judgment-creditor outbids him.

If the words, "subsisting judgment," as used in section 2882, include a judgment by *confession* of the debtor, there is no reason for excluding judgments obtained by the fraud of, or by collusion with the debtor. They would be subsisting judgments binding on the debtor as much so as a judgment by *confession*. Yet judgments by *confession* are placed in the same exception with judgments by the *fraud* of, or by *collusion* of the judgment-debtor. Whilst, it is admitted that the law intended to invite rival bidding for the debtor's property, after it is sold, still the class of bidders is defined so as to exclude all judgments by confession, by fraud of, or by collusion of the debtor.

T. W. SADLER, and C. S. G. DOSTER, *contra.*—Sections 2881 and 2882 of the Code, as to judgment debtors, has one purpose in common, which is to provide a remedy to prevent the sacrifice of their property sold under execution. Both sections provide means for making such property bring the best attainable price. The common object of both sections is to bring about a *rivalry* of *bidders*.

Beyond this common purpose, each section provides a specific remedy. The first of these sections provides a remedy for judgment creditors who are out of the *possession* of property sold, and seeks actively to come into the possession thereof. To be entitled to their remedy, they must have judgments such as the statute indicates—not by confession. The latter section provides a remedy for the *purchaser* in *possession*. By doing what the creditor is required to do, the purchaser may resist the redemption by the creditor. Not like the creditor who is the actor, the purchaser is standing on the defensive. He must do nothing more than the statute requires him to do. He must credit a *subsisting judgment*. The statute requires that the judgment shall have no other quality. The statute is a remedial one, and should be liberally construed.

The rights claimed by the purchaser are, that although his judgment was obtained by the confession of the debtor with the disability imposed by section 2881, of not allowing such creditor to redeem, that this is the only disability imposed upon such creditors, and that he has all the rights as a purchaser under section 2882, of any other creditor. If the purpose of section 2882 was to prevent a sacrifice of property by providing for rival biddings between creditors, a creditor

by the confession of the debtor has a claim as valid against the property of the debtor, as any other judgment creditor. He is entitled to have execution upon his judgment, and when it enters the hands of the sheriff, his lien upon the property is as valid as that of any other creditor, and if the purpose of this statute is, to bring the property of the debtor within the range of the subsisting claims against it, why should not the creditor, whose judgment is by the confession of the debtor, enter into the biddings as provided for in this section.

MANNING, J.—This was an action of unlawful detainer brought by appellant against Steele the defendant. The case arose under the sections of the Code authorizing judgment creditors to redeem within two years, lands of their debtors which have been sold under execution, or decrees in chancery, or powers of sale in mortgages. And the single question presented and argued here is this: When a judgment creditor who is entitled to redeem, in order to do so, tenders to the purchaser of his debtor's land which has been thus sold, all that the statute prescribes, and offers to credit the debtor upon a judgment against him, with ten *per cent.* or more of the price for which the land was sold,—has the purchaser to whom the tender and offer are made, the right to respond and retain the land, by himself crediting the same amount, upon a judgment he has against the debtor, if that judgment was obtained by the confession of the debtor, after the land was sold? In this instance, the judgment in favor of the purchaser was confessed after the sale, and one day before that on which appellant, the plaintiff below, obtained its judgment by due course of law; and the debtor, Steele, remained in possession of the premises as tenant of the purchasers.

Preceding sections having provided for the redemption by the debtor himself, upon terms prescribed therein, section 2881 (2513) of the Code of 1876 enacts that any "creditor of the debtor, who without fraud or collusion had obtained such judgment before the sale of the land, or within two years thereafter, *except by confession of the debtor*, may in like manner redeem the land from such purchaser or any one claiming under him by paying or tendering the amount bid for such land at the sale thereof, and ten *per centum* thereon together with all lawful charges,—and by further offering to credit the debtor *upon a subsisting judgment*, with a sum at least equal to ten per cent. of the amount originally bid for

the land," &c.   The next section (2882), provides : " But if the purchaser or person claiming under him, agrees to credit and actually does credit the debtor *upon a subsisting judgment,* with the sum offered to be credited by the creditor, he may retain the land, unless the creditor makes a further offer to credit the debtor *upon a subsisting judgment* with an additional sum," &c.

While judgment " by confession of the debtor " is spoken of but once in this law,—a crediting of the debtor *" upon a subsisting judgment,"* is mentioned three times ;—twice in reference to the judgment held by the redeeming creditor, and once in respect to a judgment upon which the purchaser may enter a credit to be set off against that of the creditor who proposes to redeem.   And of neither of these judgments is it expressly said—that it must not, if obtained after the land was sold, be a judgment by confession.   The letter of the law would, therefore, not be violated, if we should hold that a creditor desiring to redeem, who had a judgment upon verdict for a small sum, say less than ten per cent. of the price, paid for the land, and a judgment rendered upon confession after the sale, for a large amount, is entitled to credit the ten *per cent.* or more which he should bid, either at first or afterwards, upon the judgment by confession.   Moreover, we should thereby give to the clause concerning judgments by confession, some effect.   But certainly this would not be all the effect the law-makers intended it should have.   We can not read the entire statute, without perceiving that at least in two of the places where the expression, " a subsisting judgment," is used, the legislature meant that it should not include judgments obtained by confession of the debtor.   And considering the policy of the enactment, and the fact that in the third place where this expression is used—it is so closely connected, both in location, and meaning with the same expression where it occurs in the other places, we feel compelled to hold that it was used in all three instances in reference to judgments not obtained by confession.

The object of the law was to prevent the sacrifice of real estate at forced sales, by inducing purchasers to bid prices for it not greatly below its value.   To this end, the debtor whose it was, or his judgment creditors—may redeem it within two years, on terms prescribed.   According to the next section (2883) of the Code, if one creditor redeems and thus becomes the purchaser of the land, another is also authorized to redeem on like terms, from him.   And it is to promote fairness among all the parties, in these contests or

biddings for the property, so that they shall be conducted "without fraud or collusion," that there is a prohibition against the use therein of judgments obtained by confession of the debtor after the sale. These might be as dishonestly confessed, and as fraudulently and collusively employed by a friendly purchaser of the land, whether a creditor or not, as by a friendly creditor who proposes to redeem. Indeed, when a judgment creditor has done all that the law requires, to entitle him to acquire the land from the purchaser, and the latter, in order to retain it, offers to credit over and above the price at which he bought, a further sum upon a judgment against the debtor, such purchaser then becomes himself, in effect, a judgment creditor proposing to redeem of the opposing creditor, and so retain the land from him.

We therefore feel compelled to hold that the statute prohibits the use of a confessed judgment to a purchaser who is resisting a redemption of the property, as well as to a creditor who is seeking to redeem it.

The circuit judge erred in giving the instruction to the jury, that if they believed the evidence they must find a verdict in favor of defendant,—and in refusing to give the contrary instruction asked for plaintiff.

Judgment reversed and the cause remanded.