# Mack, Stadler & Co. *v.* Owen.

*Statutory Action for Unlawful Detainer of Land.*

1. *Redemption of real estate; judgment by confession.*—Under the statute giving the right of redemption to judgment creditors who, "without fraud or collusion, had obtained judgment before the sale of the land, or within two years thereafter, *except by confession* of the debtor" (Code, § 2881), the exception includes all confessed judgments, whether before or after the sale.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. JAS. E. COBB.

N. D. DENSON, J. R. DOWDELL, WM. H. BARNES & SON, and E. M. OLIVER, for the appellant.

E. G. RICHARDS, *contra.*

SOMERVILLE, J.—The question presented by this record is, whether a judgment creditor, whose judgment has been obtained by confession *before* the sale of the debtor's land, is entitled to exercise the right of redemption from a purchaser, under the provisions of section 2881 of the Code of 1876. That section provides, that "all judgment creditors of the debtor, who, without fraud or collusion, had obtained such judgment before the sale of the land, or within two years thereafter, *except by confession* of the debtor," may redeem the land from any purchaser, or sub-purchaser, by conforming to certain specific requirements. The appellants, as owners of a judgment confessed before the sale of the land in controversy, sought to exercise this privilege in the present case, and it was resisted by the purchaser. The question is raised by the refusal of the court to allow the confessed judgment to be admitted in evidence.

As we construe the statute, this ruling was correct. The phrase, "except by confession of the debtor," was intended to be engrafted on both classes of judgments described, those obtained before, as well as those obtained after the sale. Judgments obtained by fraud or collusion had already been stamped with the brand of inefficacy as instruments of

12

redemption, thus showing an intention to require fairness and honesty as a pre-requisite to the exercise of this bounty conferred on the creditor, in the interest also, it is true, of the insolvent debtor.—*Mobile Mut. Ins. Co. v. Steele*, 61 Ala. 253. But unfair and even fraudulent preferences might also be given in the form of confessed judgments, the consideration of which it would often be difficult to attack. These could be collusively confessed, as well in anticipation of a sale, as after its consummation. The necessity of excluding confessed judgments from the one class was, therefore, as reasonable, if not as cogent, as that of excluding them from the other.—*Posey v. Presley*, 60 Ala. 243.

The judgment is affirmed.