# Comer & Trapp *v.* Constantine.

*Bill in Equity for Redemption, by Judgment Creditors.*

1. *Distinction between deed of trust and assignment.*—A deed of trust, in the nature of a mortgage, is intended to secure the specified debts or liabilities, conveys to the trustee a defeasible title only, and leaves an equity of redemption in the grantor; while a general assignment for the benefit of creditors is intended to pay and satisfy their debts, passes to the assignee the absolute title to the property, and leaves no equity or right of redemption in the debtor himself, though a trust may result to him in the surplus proceeds of sale after all the debts have been paid.

2. *Redemption of lands sold under mortgage or deed of trust.*—The statute giving to debtors and their judgment creditors a right to redeem lands which have been sold under execution, decree in chancery, "or under any deed of trust, or power of sale in a mortgage" (Code, §§ 1879–83), does not apply to lands which have been conveyed by general assignment for the benefit of creditors, and which have been sold by the assignee in execution of the trust.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by Comer & Trapp as partners, suing as judgment creditors of Cater & Johnson, against D. F. Constantine; and sought to redeem a storehouse and lot in Anniston, which the defendant had bought at a sale made by Robert P. Thomason, as trustee or assignee, under a general assignment for the benefit of their creditors executed by said Cater & Johnson. The assignment was dated the 30th November, 1886; the sale under it was made, pursuant to its terms, on the 1st January, 1887; the complainants' judgment against Cater & Johnson was rendered on the 28th February, 1888; and the bill was filed on the 7th December, 1888. The chancellor dismissed the bill, on demurrer, for want of equity; and his decree is here assigned as error.

BROTHERS, WILLETT & WILLETT, for appellant.

CASSADY & BLACKWELL, *contra.*

McCLELLAN, J.—The distinction between a mortgage, or a deed of trust in the nature of a mortgage, to secure the payment of a particular debt or debts, and a deed of trust

[Comer & Trapp v. Constantine.]

of all the grantor's property for the payment of all his debts, commonly and properly known as a general assignment for the benefit of creditors, is well defined and radical. The purpose of the class of instruments first named is to *secure* a particular indebtedness; the purpose of the latter is to *pay* all the indebtedness of the grantor. In the former, a defeasible title only passes, and the property reverts to the grantor upon the happening of certain stipulated conditions; in the latter, the entire, indefeasible title goes out of the grantor, and the property is vested absolutely in the assignee. In the one class, equitably considered, a lien is created on the property, in favor of the creditors intended to be secured, and the property itself is still regarded as the grantor's; in the other, there is an absolute appropriation of the property to the creditors, and both the legal and equitable title is passed beyond the control of the assignor. With respect to realty conveyed by mortgage, or deed of trust in the nature of a mortgage, an equity of redemption remains in the grantor until foreclosure by sale; as to land conveyed in trust for the benefit of all creditors, and to pay general indebtedness, there remains no equity of redemption, and the trust which results to the grantor, either expressly or by implication of law, in such of the property, or its proceeds, as is not absorbed in the payment of his indebtedness, is not such equity, nor any evidence of it—Burrill on Assignments, 10–18; *State v. Benoist*, 37 Mo. 500; *Dunham v. Whitehead*, 21 N. Y. 131; *Crow v. Beardsley*, 68 Mo. 438; *Bartlett v. Teale*, 1 McCrary, 176; *McClelland v. Revesen*, 3 Abb. Dec. (N. Y.) 74; *State Bank v. Chaffelle*, 40 Mich. 447; *Briggs v. Davis*, 21 N. Y. 576; *Martin v. Hausman*, 14 Fed. Rep. 160; *Hoffman v. McKall*, 5 Ohio St. 124; *Woodruff v. Rabb*, 19 Ohio St. 216.

In the case at bar, it is sought by judgment creditors of the grantors in a general assignment to redeem, under section 1883 of the Code, land which had passed to the assignee, and been sold and conveyed by him, in accordance with the terms of the assignment, for the benefit of creditors, among whom were the complainants. There are, to our mind, many reasons why this can not be done. As we have seen, every right and interest of the assignors in this land passed absolutely to the assignee, and was by him passed into the purchaser from whom this redemption is sought. The title of the assignor was not incumbered with any equity or right of redemption whatever. This title passed through

[Comer & Trapp v. Constantine.]

the assignee into the purchaser, and manifestly he holds unimpaired the fee-simple absolute title to the property as it existed in the assignor. No act on the part of the grantor, subsequent to the assignment, could in any manner affect the estate of the assignee, or his grantee, in the property. No right, subsequently derived from him, could be set up against such estate. "For the purpose of sale in execution of the trust, the grantor of the trust, and those holding derivative titles under him, are entirely disregarded", and their only interest in the premises relates to that part of the property which is not needed in the liquidation of his indebtedness. A subsequent judgment against the assignors, on this principle, would not constitute a lien on the land, and if on a debt existing at the time of assignment, could not, in the nature of things, attach to the trust to result to the assignors, since it would necessarily be paid off before there could be any property to revert to them. To decree the redemption prayed in this case, would be to charge the land, in the hands of the grantee of all right and title, legal and equitable, of the assignors, with an interest or right derived from them after their estate had entirely determined.—*Briggs v. Davis*, 21 N. Y. 576; *Martin v. Hausman*, 14 Fed. Rep. 160; *Sanborn v. Norton*, 59 Tex. 308.

The purpose of the redemption statutes of Alabama, as expressed in the caption of the original act, is "To prevent the sacrifice of real estate", and the rights given by them are held to be for the benefit of the debtor.—Acts 1841-42, p. 8; *Posey v. Pressly*, 60 Ala. 250. This legislation proceeds on the theory, that property, which, either at law or in equity, belongs to the debtor, will, when subjected to forced sales, be sacrificed, and that a certain period after such sale should be allowed to him, and to his creditors, for his benefit, to secure to him its fair value. It is not apparent how this purpose of the statute, and these reasons which are the foundation of the right it gives, can have any force or application with respect to property in which the debtor, at the time of the sale, has no legal or equitable interest. There is, we apprehend, no distinction, which in principle can be drawn, between a conveyance to one for the benefit of many, and a conveyance directly to the beneficiaries, so far as the rights of the grantors are concerned. Certainly, no equity or right of redemption would have remained in the assignors here, had the fee-simple absolute title in this land been passed directly to their creditors, and

[Avery & Sons v. Miller.]

the property had by them been sold to the appellee; and like considerations, it seems to us, deny the existence of such rights against the assignee or his grantee.

These considerations lead us to the conclusion, that the right of redemption given by the Code (§§ 1879-1891) does not attach to lands sold under an unconditional conveyance of the fee in trust for the payment of debts.

The decree of the chancellor, sustaining demurrers to the bill, is affirmed.