181 So. 286

**BEDSOLE v. TILLER.**

4 Div. 25.

Supreme Court of Alabama.

May 12, 1938.

102

Frank J. Mizell, Jr., of Florala, for appellant.

Carmichael & Tiller, of Geneva, for appellee.

FOSTER, Justice.

Appellant filed an original bill in equity claiming the right to redeem certain land alleged to have been sold by the administrator of the estate of J. B. Bedsole, deceased, by virtue of a decree of the circuit court, rendered on December 10, 1934.

Complainant was a daughter of deceased, and asserts the right under authority of section 10140, Code, the statutory right of redemption.

The bill does not set out the nature of the decree of December 10, 1934; nor whether the land was sold for division or for the payment of debts; or by express averment that the administration had been removed into the circuit court. When demurrer to it was first considered by the trial court, the judge referred to that situation with the observation that it probably did not properly present the situation with sufficient detail. An amendment was made but not in the respect indicated, and, on hearing demurrer to it, the court noted that the argument treated it as showing a sale to pay debts by the administrator de bonis non after a decree of insolvency; and that such was the purpose of the decree of December 10, 1934; and that the estate had been removed into the circuit court.

On this submission, it is likewise so argued, and the interpretation of the bill by the trial court as thus argued is not now challenged. We will therefore treat it as did that court.

We go then to the question presented in argument of whether a child of a deceased insolvent debtor may enforce a statutory right of redemption of land sold by the administrator under decree of the circuit court in equity to pay debts under the authority of section 10140, Code.

The argument is made that the statute confers the right on the parties named to redeem from a sale of land made by a decree of the circuit court regardless of the purpose of the sale. It is insisted that it refers expressly to a sale by virtue of any decree of the circuit court. It was by virtue of a decree of that court that the sale in question occurred, and, therefore, that the right is conferred, as claimed.

In applying the words "by virtue of any decree in the circuit court," it is proper to note all the features of the provision and history of the act. As pointed out in Posey v. Pressley, 60 Ala. 243, it was first enacted in 1842, and formed section 2116, Code of 1852. It then authorized a redemption by the debtor and his creditors of real estate

sold under legal process, decree of a court of chancery, a mortgage or deed of trust.

From time to time the right was extended to others, until it includes many others as now set forth. But each and all of them derive their rights from their relation to the debtor, the first in line and in right. There is therefore impliedly excluded any sale except where there is a debtor, also to exercise the right.

There is therefore excluded all sales made by the debtor or under his authority where he voluntarily and absolutely appropriates the property to the payment of his debts, as by a general assignment of it for that purpose. Comer v. Constantine, 86 Ala. 492, 5 So. 773.

This would be so whether the sale made by the assignee or trustee in the assignment deed was by virtue of a power of sale or under a decree of the circuit court where the trust may be administered. Section 10397 et seq., Code.

The purpose of the right of redemption has been held to be for the benefit of a debtor to prevent the sacrifice of land. Posey v. Pressley, supra; Comer v. Constantine, supra.

If the sale is made by virtue of his appropriation of it to the payment of debts, the statute does not apply, but it does apply if it is sold by virtue of his appropriation to secure his debts. By virtue of section 5821, Code, the real estate of a decedent was made subject to the payment of his debts. Section 7365, Code.

And in Boyte v. Perkins, 211 Ala. 130, 99 So. 652, it was said by this court (page 653) that "the administrator is a trustee charged with the duty to take possession of the real estate, rent it, and, in due course, sell it, if need be, for the payment of debts." Ex parte Stephens, 233 Ala. 167, 170 So. 771. He stands in the right of the decedent, not of his creditors. Trotter v. Brown, 232 Ala. 147, 167 So. 310; Davis v. Swanson, 54 Ala. 277, 25 Am.Rep. 678; Davis v. Stovall & Bro., 185 Ala. 173, 64 So. 586; Bell v. Goodwin, 220 Ala. 537, 126 So. 108.

Whether he is named in the will for that purpose or by appointment of the court, he occupies a status similar in many respects to an assignee in a general assignment for the benefit of creditors. One difference is that upon the payment of his debts, if there is a surplus, it is refunded to the assignor, who was the debtor, and in the other it is refunded to his heirs or devisees. It is immaterial in this respect whether the land is sold by the executor under a power in the will or under a decree of the circuit court or probate court, as it is immaterial in respect to a general assignment whether it is sold under a power in the deed or by order of the circuit court. The rights of the parties in any such event are the same and not within the purview of section 10140, Code.

The fact that stress is made in Comer v. Constantine, supra, that by the general assignment the debtor passed to the trustee all his rights and interests in the land is not conclusive here, though the exact situation in that respect was not here accomplished, for the legal title does not rest in the executor or administrator. But the decree of the court passes such title then held by the heirs at law. The title of the heirs is defeasible, and is as completely defeated as by a sale by a trustee in an express trust.

Section 10140, Code, does not apply to a sale made, though in accordance with the decree of the circuit court, by virtue of an absolute and voluntary appropriation of the land to pay debts, whether such act is that of the debtor in person or that of his personal representative with due authority.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.