## Staton *et al.* v. Rising.

*Bill in Equity to set aside Fraudulent Conveyances.*

1. *Multifariousness; not caused by bill containing special prayer without averment of fact to support it.*—Where in a bill filed by a judgment creditor to set aside conveyances by his debtor, which are shown by the averment of facts in the bill to have been fraudulent and void as against the complainant, the execution of a mortgage by the debtor to third parties is alleged, but at the same time it is averred unconditionally that said mortgage has been fully paid and discharged, such bill is not rendered multifarious by containing a special prayer that, if it is ascertained, on final hearing, that said mortgage has not been paid, the court will decree a foreclosure thereof for the payment of the amount ascertained to be due; such special prayer, being without averment of facts to support it, and manifestly inconsistent with the allegations of the bill, will be disregarded.

2. *Bill to set aside fraudulent conveyances; heirs of administrator of deceased grantor not necessary parties.*—To·a bill filed by a creditor to set aside as fraudulent and void certain conveyances by his debtor, who was dead at the time of the filing of the bill, neither the heirs nor the personal representative of the deceased debtor are necessary parties; the result of such suit in no wise affecting either of them or their rights.

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed by the appellee, Phillip Rising, against the appellants. The purpose of the bill, and the facts averred therein, are sufficiently stated in the opinion. The appeal is prosecuted from the decretal order of the chancellor overruling the demurrers to the bill.

McCURLEY & HAIL, and WADE & VAUGHAN, for appellants.—1. Where different matters, having no connection with each other, are joined in a bill against several defendants, a part of whom have no interest or connection with some of the distinct matters for which the said suit is brought, a demurrer for multifariousness will be sustained.—3 Brick. Dig., 388, § 338; *Hardin v. Swoope*, 47 Ala. 273; *Clay v. Gurley*, 62 Ala. 14.

[Staton *et al.* v. Rising.]

2. A junior mortgagee or junior judgment creditor can not file a bill in equity and compel a senior mortgagee to foreclose his mortgage.—*Grigg v. Banks*, 59 Ala. 311; *Dozier v. Mitchell*, 65 Ala. 511; *Smith v. Conner*, 65 Ala. 371; *Garland v. Watson*, 74 Ala. 323; *Kelly v. Longshore*, 78 Ala. 204; *Pratt v. Nixon*, 91 Ala. 192; *Ware v. Hamilton*, 92 Ala. 145; *Bingham v. Vandegrift*, 93 Ala. 283.

3. Where a bill is filed against a grantee of a deceased debtor to set aside a sale of land made by such deceased debtor on the ground of fraud, his heirs or personal representatives must be made parties defendant to such bill.—1 Dan. Ch. Prac., 256, and note 1 and citations; *Bell v. Hall*, 76 Ala. 546; *Merritt v. Phenix*, 48 Ala. 87; *Enslen v. Wheeler*, 98 Ala. 200; 3 Brick. Dig., 371, § 64, p. 653, § 283.

S. J. DARBY, *contra.*—The rule is that no one can raise the question of a misjoinder except the parties improperly joined.—*Ware v. Curry*, 67 Ala. 274; *Robinson v. Robinson*, 44 Ala. 227; *Norwood v. M. & C. R. R. Co.*, 72 Ala. 563.

Neither the heirs nor personal representative were proper parties. The intestate had conveyed all of his interest in the property by his conveyance to N. A. Staton, which, although fraudulent as to creditors, was binding upon him and his heirs.—*Marler v. Marler*, 6 Ala. 367; *Todd v. Neal*, 49 Ala. 265; *Strange v. Graham*, 56 Ala. 614.

HEAD, J.—Appeal from decretal order overruling demurrers to the bill. On August 15, 1888, G. D. Staton, being the owner thereof, conveyed by deed to his wife, N. A. Staton, lots 15 and 16 in block 206, in the city of Birmingham, Ala., for the consideration, recited in the deed, of $6,000; and by another deed, executed on the same day, he conveyed to her, lots 18 and 19, in block 38, in said city, for the recited consideration of $3,500, and the assumption by the grantee of an incumbrance on the lots, amounting to $4,000. On April 3d, or 4th, 1889, the said grantee, N. A. Staton, and her husband, said G. D. Staton, conveyed the four lots, by deed, to R. W. Beason, for the recited consideration of $8,000. At the time of the conveyance to the wife, the complainant, Philip Rising, was a creditor of the grantor, G. D. Staton,

and had been since March, 1887; and on April 29, 1889, he reduced his demand to a personal decree in chancery against the debtor, in the sum of $5,068.24, and had execution thereon which was returned "No property found." On the 3d day of May, 1889, he perfected a judgment lien upon the property of the debtor by filing and having registered in the probate court of the proper county, a statement of his decree, in compliance with the statute. By sufficient averments of facts these several conveyances are shown by the bill to have been fraudulent and void as against the complainant; and he prays to condemn the lots to the payment of his decree. It appears from the bill that said lots 15 and 16 were held by G. D. Staton subject to a mortgage made by him to J. R. Rodgers and A. S. Andrews, which complainant alleges, upon information and belief, has been paid off and discharged, although the same has not been so marked on the record, where it is recorded, in the office of the judge of probate. It is also averred that said G. D. Staton had died; that he left no property subject to administration, and that no administrator of his estate has been appointed. His heirs are not made parties to the bill. The prayer of the bill contains the following: "Upon the final hearing orator prays that your Honor will ascertain whether or not the amount evidenced by the mortgage to J. R. Rodgers and A. S. Andrews has been paid, and in the event it has, decree that the same be cancelled. If it appears that it has not been paid, your Honor will ascertain the amount due thereon and decree the foreclosure of the same and order a sale of said property therein described and an application of the proceeds thereof to the payment of said debt, and the balance to the payment of orator's debt, or enough thereof to satisfy the same." The bill also prays that the alleged fraudulent conveyance be set aside, and the lands condemned to sale for the payment of complainant's decree, and for general relief.

It is objected by demurrer that the bill is multifarious, in that it seeks to set aside fraudulent conveyances, and also to compel the foreclosure of a mortgage executed by the fraudulent grantor to third parties. It is enough to say, in answer to the objection, that it cannot properly be said that the bill is filed to compel the foreclosure of the mortgage. It alleges the execution of the mortgage, but, at the same time, avers, un-

conditionally and without alternative, that it has been fully paid and discharged. The special prayer, therefore, copied above, asking a foreclosure of the mortgage, is without averment of fact to support it, and is manifestly inconsistent with the facts averred. No relief could be granted upon it, if, upon other principles, a creditor with a lien could, in equity, compel the foreclosure of a mortgage, held by another prior in time and right to his lien. We have held that no such relief is obtainable.—*Bingham v. Vandegrift,* 93 Ala. 283, and cases cited. The junior incumbrancer may redeem in such cases, upon proper allegations, and offer to do equity. This special prayer will, then, be treated as having no proper place in the cause, and will be disregarded. This done, the bill is a good one for the vacation of the alleged fraudulent conveyances, and condemnation of the land to the payment of complainant's decree. Taking the bill to be true, as the demurrer admits, the mortgage debt has been paid; but the legal title to the two lots the mortgage embraced still remains outstanding in the mortgagees, for which reason they were properly made parties. If, in point of fact, to be developed on answer, the mortgage debt, or any part thereof, remains unpaid, the bill is yet good, as to these lots, for the condemnation and sale of the equity of redemption therein acquired by the alleged fraudulent grantees by virtue of the conveyances.

It is objected also that the heirs and personal representatives of the deceased grantor are not made parties. Clearly the heirs have no interest in the suit. Their ancestor divested himself of all title to the land by his conveyance to his wife. The result of this suit cannot possibly affect them one way or the other. And we think the same is true as to the personal representative. He can have no possible interest in the land; and the decree establishing the debt, which must form the basis of the relief complainant seeks, can, in no wise, affect him or the personal assets of the estate in his hands. We have been referred to no authority which holds the presence of the personal representative, in a case like this, necessary, and we can see no reason why it should be. See *Buffington v. Harvey,* 95 U. S. 99.

Affirmed.