# Fulton *v.* Norris.

## Election Contest.

(Decided June 16, 1909.  49 South. 1028.)

1. *Appeal and Error; Review; Findings of the Court.*—The finding of a trial court on testimony delivered viva voce will not be reversed on appeal unless so manifestly against the weigth of the evidence as that a judge at nisi prius would set' aside the verdict of the jury rendered on the same testimony.

2. *Same.*—Under the conditions of the transcript in this case and the uncertainty attending much of the evidence as to the material questions involved and following the rule that the court cannot affirm error where the trial judge had peculior advantages in weighing such testimony this court will not reverse on assignments of error based upon the trial court's finding.

APPEAL from Shelby Probate Court.

Heard before Hon. A. P. LONGSHORE.

J. H. Fulton was declared elected sheriff of Shelby county, and the election was contested by H. M. Norris. From a judgment for the contestant contestee appeals. Affirmed.

MCMILLAN & HAYNES and S. D. & J. B. WEAKLEY, for appellant.—The finding of the facts in such cases by the court can be reviewed.—*Noee v. Garner*, 70 Ala. 443. Counsel discuss the evidence at length and conclude that the evidence showed contestee to have been elected to the office.

C. C. WHITSON, and EDMUND H. DRYER, for appellee. —Counsel discuss the evidence at considerable length and conclude that contestant was properly awarded a verdict.   They further insist that the presumption will be indulged that the trial court was correct in its finding.

SAYRE, J.—Appellant and appellee were candidates for the office of sheriff of Shelby county at the general election held in November, 1906.   On a canvass of the returns it appeared that the appellant had received 1,082 votes and the appellee 1,075 votes.   Thereafter and in due course the appellee instituted a contest before the judge of probate, which resulted in a judgment declaring that appellee had been duly and legally elected.   There was a request by the contestee, preferred orally after the evidence had closed, that the judge should make a special finding in reference to each vote contested, setting forth his judgment in each separate case.   This the judge refused to do, but contented himself with rendering a judgment for the contestant.   From that judgment this appeal is taken, and the only insistence now is that this court, on the evidence contained in the transcript of the record, shall canvass the vote and declare the result.

Section 476 of the Code of 1907 provides that "in all contested elections before the judge of the probate court an appeal lies to the Supreme Court within five days

after the rendition of the judgment." There is no word in the statute in respect to the procedure in this court, nor any touching the basis upon which the judgment to be rendered here must be placed. In order, however, to know whether we could on the record presented determine the issue between the parties on its merits, we have assumed provisionally that we might, without traveling outside the appellate jurisdiction of this court, scrutinize and pronounce upon the qualification of each elector contested before the trial judge. So proceeding, the evidence in relation to each of the 731 electors about whose right to vote there seems to have been any serious question has been considered in detail. In doing this, it has been assumed that each of the electors contested by the contestant voted for the contestee, and that each contested by the contestee voted for the contestant. At the end of this process, and after eliminating all those cases in which the contested voter appeared to our reasonable satisfaction to have had the qualifications prescribed by law, the votes received by the parties remain so nearly equal, and there remains a class about whom so much uncertainty exists in the evidence and so considerable in number, as to leave the issue in gravest doubt. In cases where the law authorizes disputed questions to be tried, and they are tried, by the court without a jury, on testimony given viva voce in the presence of the court, the long-established rule of this court is not to reverse the finding unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony.—*Nooe v. Garner,* 70 Ala. 443, and authorities there cited. Much of the testimony was taken ore tenus, and related to such questions as the disputed identity, age, and residence of voters; the fraudulent issue of poll tax receipts and registration certificates; convictions of crime; the extent

and permanency of alleged disability; the payment of poll taxes not shown by the records nor by receipts; appointment and length of service as school trustees; and the mental competency of voters contested. The trial judge had advantages in weighing such testimony which we cannot have, and the value of which has always been recognied by this court. Under these circumstances we have not felt it to be our duty to determine the issue here involved contrary to the determination of the trial judge. Indeed, it seems impossible to do so, proceeding upon safe and trustworthy ground. We cannot, therefore, affirm error upon those assignments which are based upon the general finding of the trial judge.

No other assignments are argued, nor does it appear that there is merit in them. It results that the finding and judgment of the judge of probate must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.