# Spencer *v.* **Leland,** *et al.*

*Bill to Cancel Mortgage Because Given to Secure Husband's Debt.*

(Decided June 13, 1912.  59 South. 593.)

*Husband and Wife; Mortgage by Wife; Security for Husband; Subterfuge.*—As equity regards the substance and not the form of a transaction, where the wife gave a mortgage on her property and received a check for the amount thereof, which she immediately endorsed and returned to the mortgagee, in pursuance of a prior design, as security for the performance of building contracts between her husband and the mortgagee, it will be considered, under section 4497, Code 1907, that the wife never had any freedom of disposal of the money loaned her, and that the entire arrangement was an agreement for suretyship, and void as an evasion of the statute.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by Helen Spencer against Joseph Leland and others to cancel a mortgage upon realty because made as security for the debt of the husband. Decree for respondents and complainant appeals. Reversed and remanded.

DANIEL COLLIER, and R. H. SCRIVNER, for appellant. Equity looks at the substance and not the form of things, and hence, when viewing the facts of this case, will hold that the transaction was a mere security for the undertaking of the husband, and that hence, the wife had no disposition of the money, and that the mortgage was void under section 4497, Code 1907.— *Richardson v. Stevens,* 114 Ala. 230; s. c. 122 Ala. 301; *Eubanks v. Anniston Merc. Co.,* 55 South. 98; *McNeel v. Davis,* 17 South. 101; *Hurd v. Hix,* 82 Ala. 484; 54 South. 791.

[Spencer v. Leland, et al.]

JONES & PENICK, for appellee. The loan was made direct to the wife, and was by her delivered directly to a party other than the husband, and was made with the consent of the husband, and was hence, not a violation of the statute.—*First Nat. Bank v. Moragne,* 128 Ala. 161; *Hamil v. Mtg. Co.,* 127 Ala. 100; *Hollingsworth v. Hill,* 116 Ala. 185.

SAYRE, J.—Appellant filed her bill in equity against the appellee Leland for the cancellation of a mortgage on her homestead on the ground that it had been given to secure the debt of her husband. Complainant's husband was made a nominal party defendant. Afterwards the mortgage was foreclosed under the power of sale, and a deed executed to defendant Leland, who became the purchaser. An averment of the fact of the foreclosure pending the suit was introduced into the bill by way of amendment, in lieu of a supplemental bill, with a prayer that the deed also be canceled. On submission for final decree on pleading and proof the judge of the county court dismissed the bill.

In their testimony complainant and her husband so far forgot facts, which no real exigency of their case required they should forget, as to expose themselves to adverse criticism and perhaps justify the animadversions of opposing counsel and the conclusion of the judge of the court below to reject their depositions as unworthy of belief at all points where in conflict with other witnesses. Though complainant and her husband may be entitled to limited credit as witnesses, yet if the concurring testimony of all parties and all witnesses establishes a case which would entitle her to relief, the same being the case stated in the bill, equity, which considers the quality of the established relevant facts, will grant relief. An epitomic statement of the

facts so shown and established in this case may be made as follows: Defendant—so to speak of Leland, who is the only real defendant—and complainant's husband were negotiating a contract by which the husband in consideration of a sum of money to be paid was to build some houses for the defendant. Defendant would not let the contract to complainant's husband, Spencer, unless the latter would furnish a bond in the sum of $500 to secure its complete performance according to the terms proposed. Spencer had no recourse except to his wife. To put the matter into what all the parties conceived would be legal and binding shape, complainant applied to defendant for a loan of $500. In pursuance of the distinct understanding of the exact course the transaction was to take, complainant executed the mortgage in question, receiving defendant's bank check for the money, which she immediately indorsed and delivered to the Leland Hardware Company to the credit of the Leland houses, meaning the houses Spencer was to build for defendant. At the same time Spencer and defendant entered into the contract for the building of the houses. One stipulation of the contract was: "The contractor shall deposit with the Leland Hardware Company the sum of five hundred dollars, which sum shall be expended for materials to be used in said buildings before the owner is required to make any payment to the contractor on account of said buildings. After the aforesaid sum is expended, the owner agrees to pay the contractor eighty per cent. of the value of the labor and materials used in said buildings as the contractor may need it."

The judge below based his conclusion that the mortgage was not executed as an assurance to the defendant of Spencer's faithful performance of his contract upon these considerations: That complainant got the

check, which represented the money, and voluntarily gave it to her husband to use for his own benefit, and it was so used, and that neither at the time of the execution of the mortgage nor at any time since has there been any debt due from Ned Spencer to the defendant. He also expressed his opinion that the contract for the building of the houses had no connection with the case "further than possibly to show how it came about that Ned Spencer had need for the money which according to the evidence he procured his wife to borrow from the defendant and gave to him."

If we were able to concur in the opinion that the contract has no proper place in the consideration of this cause, except for the limited and immaterial purpose for which it was considered in the court below, a broad and easy way to an affirmance would be opened for us. But that view had regard for the form only of what was done. The court thus expressed itself: "If a given contract be by its terms not within the statute, the fact that the promisee, in determining upon and adopting its terms, had the statute in view, and adopted the terms of the contract because they would not bring it within, but be clearly without, the statute, is no objection to the contract." This view omitted Hamlet from the play. If the mortgagee's purpose and business had been to make a loan to complainant, if it had been intended that the sum secured was to be placed at the free disposal of the mortgagor, if the mortgagee had retained no interest in the money lent, the view taken by the court below would have been sound. But the unavoidable fact is that the entire dealing between the parties was shaped by considerations springing out of the building contract. It is so clearly inferable as to leave no sort of room for doubt that without the building contract there would have been no loan of money

nor any mortgage. Without consideration of the contract it is impossible to know what the parties intended or even what they actually accomplished. The contract excluded from view, we see only the form of the mortgage. But equity looks to the intent rather than to the form. It will in no case permit the veil of form to hide the true effect or intention of the transaction.— Eaton's Eq. 81. Equity disregards names, and penetrates disguises, to get at the substance beneath.—Id. 83. This principle affects the entire system of equity jurisprudence and has given rise to many of its distinctive features. When we look to the entire transaction between these parties, it is impossible to doubt that the parties having in mind that the statute (Code, § 4497), with its provision that "the wife shall not, directly or indirectly, become surety for the husband," would prevent the wife's mortgage to secure a loan to the husband or the husband's performance of the building contract, nevertheless contrived to secure an equivalent result by casting the transaction into the form of a loan to the wife coupled with an understanding—a condition of the loan in effect—that the money lent should be used for the sole purpose of securing the husband's performance of his contract with the lender. That this was a mere indirection is plain, nor is its status, purpose, or effect changed by the fact that the mortgagee had no interest in the Hardware Company, or that the contractor made no engagement to pay money to the lender. By his contract the contractor was obliged to put $500 into the defendant's building and this obligation was secured by the mortgage. . This interest of the lender in the wife's application of the money, as was said in *Third National Bank v. Tierney* (Ky. 110 S. W. 293, 33 Ky. Law, Rep. 418, 18 L. R. A. (N. S.) 81, is "the essential thing that places his rela-

tion to the transaction in a different attitude from that of the person who, as an original business proposition, lends the wife money to do with as she pleases, and who derives no benefit or advantage except such as grows out of the interest or profit he may secure from the loan of the money." This transaction must be condemned as an evasion of the statute, or the statute itself must be nullified. We so held in a recent case which involved similar facts.—*Lamkin v. Lovell,* 176 Ala. 334, 58 South. 258.

The decree will be reversed and the cause remanded, in order that the court below may make a decree in accordance with our opinion, and may superintend its execution.

Reversed and remanded. All the Justices concur, except SOMERVILLE, J., not sitting.