# Davis, *et al. v.* Stovall & Brother.

## *General Creditor's Bill.*

(Decided February 12, 1914.   64 South. 586.)

1. *Executors and Administrators; Conveyance; Attack by Heirs.*— The heirs and personal representatives of a decedent who had fraudulently conveyed his land so as to hinder and delay his creditors cannot attack the conveyance of their decedent.

2. *Same; Answer; Necessary Parties.*—The administrator of a decedent who had transferred his property with the intent to hinder and delay creditors is not a necessary party to a bill to set aside such a conveyance, as the decree can in no way affect the administrator or the personal assets in his hands, and the excess, after the payment of the debts, does not go to the administrator; hence, such a bill is not demurrable because not showing an administration and not joining the administrator.

3. *Evidence; Documentary; Judicial Proceedings.*—The itemized statement of decedent's indebtedness made by trustees who held his property by general assignment for the benefit of creditors is not admissible as against the grantee in a conveyance which the creditors seek by bill to have set aside as fraudulent.

4. *Fraudulent Conveyances; Setting Aside; Bill.*—The bill to set aside a conveyance alleged to have been executed to hinder and delay creditors of the grantor need not aver an exhaustion of legal assets.

5. *Same; Defenses.*—A bill to set aside a conveyance as fraudulent as against creditors cannot be defeated on the ground of laches where there was no unusual delay in filing the bill and the grantees in the conveyance were not put to any disadvantage by such delay.

6. *Same; Presumption.*—Where a husband executed a conveyance which was fraudulent as to his other creditors, to secure a debt due

the grantee in the conveyance, and the wife paid the debt, and received a conveyance from the grantee, the presumption is that she discharged the debts with funds belonging to her husband.

7. *Same; Burden of Proof.*—Where the husband executed a conveyance to secure a debt due the grantee therein, and the wife paid the debt, and received a conveyance from the grantee, the wife has the burden of proving that the payment was made with her own funds, in an action by the creditors to set the conveyance aside as fraudulent.

8. *Same.*—Nothing to the contrary appearing where a wife joins her husband in a conveyance which was fraudulent as to his creditors, it will be presumed that she knew its purposes, and was affected by the fraud.

APPEAL from Randolph Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by W. S. Stovall & Brother, against Mary C. Davis and others, to set aside a conveyance as a fraud upon creditors. Decree for complainants and respondents appeal. Affirmed.

STELL BLAKE, for appellant. The court erred in overruling the demurrers to the bill as last amended, as it is essential to allege and prove a deficiency of legal assets.—*State Bank v. Ellis,* 30 Ala. 478; *Quarles v. Grigsby,* 31 Ala. 172; *Todd v. Neal,* 49 Ala. 276; 51 Ala. 544; 66 Ala. 559; 67 Ala. 402; 68 Ala. 149; 76 Ala. 319. The bill shows laches.—*Rives v. Morris,* 108 Ala. 527; *Miller v. Rowan,* 108 Ala. 98; 20 Cyc. 739. The bill does not aver any knowledge of any fraud in the conveyance on the part of the grantees.—*Bank of Luverne v. B'ham F. Co.,* 143 Ala. 153. It was necessary that complainants produce clear and undisputable proof of their claim and its good faith.—20 Cyc. 787; *Gibson v. Trowbridge F. Co.,* 93 Ala. 579.

R. E. TAYLOR, for appellee. The bill was filed under section 3739, Code 1907, and it was not necessary to allege a deficiency of legal assets.—109 Ala. 522; 119 Ala. 235. The answer is not sufficient.—20 Cyc. 745. The

presumption is that the funds were the funds of the husband.—110 Ala. 543.

SAYRE, J.—This is a general creditors' bill filed by appellees against the widow and heirs at law of A. S. Davis, deceased, seeking payment of decedent's debts out of certain lands in Randolph county alleged to have been conveyed by him to B. C. Jones without consideration and for the purpose of hindering, delaying, or defrauding creditors, a purpose to which Jones is alleged to have been a party. In the bill it is averred that subsequent to the conveyance Davis had died and Jones had been adjudicated a bankrupt in the federal District Court; that the trustees of his bankrupt estate, acting under and in pursuance of the authority of an order of that court, had executed to "Mary C. Davis and the heirs at law of A. S. Davis, deceased," a conveyance of the property; and that "as to orators said deed is voluntary, fraudulent, and ought to be set aside." From the averments of the bill and the recitals of the trustees' deed, which is exhibited therewith, it appears that the purpose and effect of the proceeding in the bankruptcy court was to quitclaim to defendants, who are the widow and heirs at law of A. S. Davis, deceased, the title which Jones had acquired by his conveyance from Davis. That conveyance is binding upon defendants and the personal representative of deceased, and is absolutely unassailable by them.—*Davis v. Swanson,* 54 Ala. 277, 25 Am. Rep. 678. Defendants hold and claim, therefore, as purchasers from Jones, and not by descent from Davis.

The only objection urged on this appeal against the bill as last amended is that it fails to allege a deficiency of legal assets of the estate of the deceased debtor. The text of the bill, which on this point we need not quote,

answers this ground of demurrer. According to our latest decisions, however, it is not necessary in a case of this character to aver an exhaustion of legal assets. —*Freeman v. Pullen,* 119 Ala. 235, 24 South. 57, and the cases there cited. In any event the demurrer was well overruled.

In the court below defendants also took the point by demurrer that an administration was necessary, meaning, we take it, that the personal representative of the deceased fraudulent grantor ought to be brought in as a party defendant. This and the line of argument followed in this court in respect to the ground of demurrer first above noticed make it proper to cite and approve those more recent cases which hold against the demurrer on this point. They hold, with evident correctness, that since the personal representative can have no possible interest in the land which his intestate has fraudulently conveyed, and the decree establishing the debt, which must form the basis of the relief sought, can, in no wise, affect him or the personal assets of the estate in his hands, the personal estate not being bound by the decree to make good any deficiency, nor entitled to any fruits of the decree, this last because, after the complaining creditors are satisfied, the remainder of the fund produced by the decree goes to the fraudulent grantee or those claiming under him—for these reasons they hold that the administrator of the deceased fraudulent grantor is not an indispensable party to a bill of this character.—*McClarin v. Anderson,* 109 Ala. 571, 19 South. 982; *Staton v. Rising,* 103 Ala. 454, 15 South. 848.

Appellants further suggest that complainants have been guilty of laches, citing *Rives v. Morris,* 108 Ala. 527, 18 South. 743, and *Miller v. Rowan,* 108 Ala. 98, 19 South. 9. We find nothing of averment or proof to

[Davis, et al. v. Stovall & Brother.]

justify the opinion that there was any unusual delay in the filing of the bill, or that defendants have been put to any disadvantage by such delay as did supervene upon the making of the deeds of which the bill complains.

Appellants also contend in their brief that the amount of complainants' debts is not proved by legal evidence. That deceased was indebted to some of the complaining creditors is made to appear already by the assignment which Davis executed and by the testimony of Quint Adams, a witness testifying in behalf of defendants. The competent evidence does not, however, suffice for the ascertainment of any exact amounts. Nor does the decree rendered in the court below purport to determine the amounts due the several creditors. That will be determined on the reference which has been ordered for that purpose. We think it necessary only to observe that the itemized statement of decedent's indebtedness made by the trustees who held his personal property in the state of Georgia by a general assignment for the benefit of his creditors, or by Stovall, who managed the trust and distributed the proceeds of sale of the property for the trustees, are not evidence against defendants to establish the claims of creditors in this bill for the reason that it does not appear that decedent was a party to the statement nor in any wise committed to its correctness.

It is made entirely clear in the proof that decedent's conveyance to Jones was made for the purpose of hindering or delaying the creditors of the grantor. Defendants made an affort to show that Mary C. Davis, the widow, paid value for the conveyance of Jones' title to them by evidence which tended to prove that the deed to Jones, though intended to hinder or delay other creditors of decedent, was also intended to operate as be-

tween the parties to it as a mere security for a bona fide debt decedent owed Jones, and that, after decedent's death, she had paid the debt to Jones. It was on this idea (though with what propriety as against the creditors of Jones does not appear, and is immaterial in this case) that the trustees in bankruptcy were ordered to make a conveyance to defendants. But this evidence wholly failed to prove that the payment was made out of funds belonging to Mrs. Davis. In the circumstances shown the presumption is that payment was made out of the funds of her husband's estate, and the burden was upon defendant to show that she paid the debt of her husband with her own funds, or at least with money not belonging to her husband's estate.—*Kelley v. Connell*, 110 Ala. 543, 18 South. 9. This burden defendants have failed to sustain.

Moreover, Mrs. Davis joined in the execution of the obnoxious deed to Jones, and presumptively, nothing to the contrary appearing, she knew its purpose, was affected by its fraud, and neither she nor her children, who claim by virtue of her purchase, no consideration having moved from them, can avoid the effect of that fraud.

In the case as it has thus far progressed we have found no error, and the decree of the chancery court must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.