# Colley v. Atlanta Brewing & Ice Co.

### Assumpsit.

### (Decided May 18, 1916. 72 South. 45.)

1. **Costs; Security for; Non Resident; Discretion.**—The matter of the time allowed a non resident plaintiff to give security for costs as required by § 3687, et seq., Code 1907, is largely within the discretion of the trial court, and the action of the court in permitting such security to be given "within the time directed by the court" is not an abuse thereof.

2. **Pleading; Filing; Time; Discretion.**—The matter of allowing special pleas to be filed more than two months after the action was commenced, and after the time fixed by the statute was within the discretion of the trial court.

3. **Appeal and Error; Harmless Error; Security for Costs.**—Any error in allowing a non resident plaintiff to give security for costs after a filing of the complaint, if error, was without injury, where there was no dispute that defendant owed the amount claimed, and the only dispute was as to credits on which issue of the case was tried.

4. **Same; Review; Finding.**—In cases tried by the court without a jury on testimony ore tenus, the rule is not to reverse a finding unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of the jury rendered on the same testimony; such finding must on appeal be given the force and effect of a verdict, and unless plainly wrong cannot be disturbed, notwithstanding the statute requires the reviewing court to review such judgment and finding without any presumption in favor of the court below on the evidence.

5. **Evidence; Facts or Conclusions; Agency.**—A witness can give his opinion only in exceptional cases, and then only when he has knowledge to qualify him to some extent as an expert; hence, in an action for the price of a carload of beer, the opinion or conclusion of the defendant, that a certain person was the agent of the plaintiff, was properly excluded.

[Colley v. Atlanta Brewing & Ice Co.]

6. **Principal and Agent; Evidence.**—Where defendant sought to prove that a certain person was the agent of plaintiff in the matter of the sale of the beer, the letters and bills of sale between plaintiff and such party, or the company which he represented, were admissible on the question of agency.

7. **Trial; Reception of Evidence; Objectionable in Part.**—Where the objection went to the whole testimony, a portion of which was competent, the objection was properly overruled.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Assumpsit by the Atlanta Brewing & Ice Company against John Colley. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals.

PINKNEY SCOTT, for appellant. SAMUEL B. STERN, for appellee.

MAYFIELD, J.—This action was on the common counts, claiming $400, the price of a car of beer. One count declared on a sworn account, as authorized by section 3970 of the Code. The plaintiff was a non-resident, and failed to give security for costs at the time, or before the filing of the complaint, as is provided for by section 3687 et seq. of the Code. The defendant made motion to require security for costs, which was subsequently. given "within the time directed by the court." The action was commenced on December 10, 1914; the motion to require security for costs was filed December 14, 1914, but no pleas were filed until February 24, 1915, when defendant filed pleas of the general issue, payment, and set-off, and one verified plea denying the account sued upon, but only on information and belief. This special plea was not filed within the time allowed by the statutes applicable to the city court of Bessemer, in which the action was brought and was pending. On motion of the plaintiff this plea was stricken, for the reason that it was not filed within the time for special pleading.

The defendant attempted to file a replication to the motion to strike, replying that the plea was not filed within time because the plaintiff had failed to give security for costs until the day preceding the trial. The court held the replication not a good answer to the motion; and the trial was had, by the court without a jury, on the pleas, the general issue, payment, and set-off, and resulted in a judgment for the plaintiff for $300, with interest.

(1, 2) The matter of security for costs—that is, as to the time allowed in which to give it—and the matter of allowing special pleas like the one in question to be filed after the time fixed by the statute are largely discretionary with trial courts, and we see no abuse of the discretion in this instance.—*Ex parte Jones*, 83 Ala. 587, 3 South. 811; 7 Mayfield Dig. p. 699.

(3) If there could have been error it was without injury, because there was no dispute that defendant once owed the amount claimed; the only dispute was whether or not defendant was entitled to credit for empty bottles shipped back by defendant to plaintiff, and for some freight and other charges, and upon the issue of defendant's right to such credits the case was tried.

In the main, if not wholly, the trial court found the issues in favor of plaintiff; and we are not prepared to say that the judgment was induced or reached on account of any error of law or of fact, as the case was tried by the court without a jury.

(4) In cases where the law authorizes disputed questions to be tried, by the court without a jury, on testimony given viva voce in the presence of the court, the long-established rule of this court is not to reverse the finding, unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony.—*Nooe's Ex'r v. Garner*, 70 Ala. 443, and authorities there cited; *Fulton v. Norris*, 162 Ala. 104, 49 South. 1028; 7 Mayf. Dig. 27. The conclusion of a court sitting without a jury, if based upon the oral testimony of witnesses, must on appeal be given the force and effect of a verdict of a jury, and, unless plainly wrong, cannot be disturbed, though a statute requires the appellate court to review the judgment and finding without any presumption in favor of the court below on the evidence.—*Stephenson Case*, 10 Ala. App. 432, 65 South. 314; Mayf. Dig. 27, 28.

(5) There was no error in declining to allow defendant to state his opinion or conclusion, that Gerson was the agent of plaintiff. He should have testified to the facts which tended to show agency, if such there were, and have let the jury draw the conclusion. It is elementary that a witness can give his opinion only in exceptional cases, and then only when his knowledge is such as to qualify him, to some extent, as an expert. The rule is well stated in Best on Evidence, where the author says: "This rule is necessary to prevent the other rules of evidence being practically nullified. If the opinions thus offered are founded on

[Doran & Co. v. Gilreath.]

no evidence, or on illegal evidence, they ought not to be listened to; if founded on legal evidence, that evidence ought to be laid before the jury."—2 Best, Ev. 511, 517, and notes; 7 Mayf. Dig. 318.

(6) The defendant having sought to prove that Gerson was plaintiff's agent, in the matter of the sale of the beer in question, the letters and bills of sale between plaintiff and Gerson, or the company, the Four Oaks Distillery Company, which he did represent, were admissible on the subject of agency.

(7) There was no error in declining to exclude all the testimony of the witness Jacobi; much of it was certainly admissible, and the objection went to the whole, and we do not say that there was error in admitting any of it.

As before stated, this case was tried by the court without a jury, and the judge of course had to see the documents offered in evidence, before he could say whether they were admissible or not; and he had to hear, or to be informed as to the oral evidence offered, before he could decide whether or not it was competent. To this extent a trial of the facts by the court without a jury is necessarily different from that where the court passes upon the competency or relevancy only, and the jury passes upon the weight and sufficiency of the evidence.

All the errors assigned have been examined. We conclude that no reversible error was shown, and that the evidence was ample to support the judgment.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.