(79 South. 195)

SMITH et al. v. THOMPSON. (1 Div. 35.)

(Supreme Court of Alabama. May 9, 1918. Rehearing Denied June 6, 1918.)

1. PLEADING ⊛8(15)—CONCLUSIONS—FRAUD.

In a suit by a wife to cancel a deed executed by her and her husband on the ground that it was in fact a security for the husband's debt, a cross-complaint that the husband had conveyed to the wife in fraud of creditors, pleading such defense as a. conclusion merely, was insufficient.

2. FRAUDULENT CONVEYANCES ⊛209 — VALIDITY—PERSONS ENTITLED TO ATTACK.

A conveyance by a husband to his wife, though fraudulent and with intent to defraud creditors, was valid as to one who was not a creditor at the time of such conveyance.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Suit by Julia S. Thompson against J. Virgil Smith and others to cancel a deed, and cross-bill by the named defendant. From a decree sustaining a demurrer to the cross-bill, cross-complainant appeals. Affirmed.

C. B. Powell, of. Birmingham, for appellant. Lyons & Courtney, of Mobile, for appellee.

SAYRE, J. Appellee Julia S. Thompson filed her bill in this cause, August 23, 1917, to have an instrument, a deed in form and dated March 15, 1916, in which she, her husband joining, had conveyed to appellant certain lots in the city of Mobile, declared void and canceled on the ground that her conveyance was in fact a mere security for the debt of her husband, who is joined as a party defendant. Spencer v. Leland, 178 Ala. 282, 59 South. 593; Elkins v. Bank, 180 Ala. 18, 60 South. 96. Appellant filed his amended answer, which he made a cross-bill under the statute, averring in paragraphs 6, 7, and 8 thereof, to state them in short, that in 1913 appellee's husband had voluntarily and without valuable consideration conveyed the lots to her with the intent to hinder, delay, and defraud his then existing and subsequent creditors. The judge of the circuit court, sitting in equity, sustained a demurrer directed against the aforenamed paragraphs

of the cross-bill, and cross-complainant has appealed.

[1, 2] There is no averment that cross-complainant was a creditor at the time the defendant Julia S. Thompson took the deed from her husband, nor does the bill contain sufficient averments of actual fraud as against subsequent creditors. The mere conclusion that the conveyance was fraudulent, or that it was made with a fraudulent intent, will not suffice against an apt demurrer. Little v. Sterne, 125 Ala. 609, 27 South. 972. In the absence of a proper showing that cross-complainant was a creditor at the time or that there was actual fraud, the conveyance was, as to cross-complainant, perfectly valid, and as between grantor and grantee, their personal representatives and heirs, the conveyance, though voluntary and though made with intent to hinder, delay, and defraud creditors, was valid. Davis v. Swanson, 54 Ala. 277, 25 Am. Rep. 678; Davis v. Stovall, 185 Ala. 173, 64 South. 586. The theory projected by paragraphs 6, 7, and 8 of the cross-bill appears to be that the conveyance from Thompson to his wife was void absolutely; that the wife had no interest in the property for the loss of which she should complain, but that, as we have seen, is an erroneous theory.

The demurrer fully exposed the defects in the cross-bill, and was properly sustained.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.