(101 South. 458)

## DAVIS v. HARRIS et al. (6 Div. 967.)

(Supreme Court of Alabama. June 26, 1924.
Rehearing Denied Oct. 16, 1924.)

**1. Costs ☞111 — Jurisdiction to require security invoked by motion in court.**

Under Code 1907, § 3687, jurisdiction to require security for costs from nonresident plaintiffs is invoked by motion in court, not by notice to plaintiff by defendant, as under early statutes.

**2. Appeal and error ☞936(1) — Presumed that no motion to require security for costs was made if necessary to sustain vacation of order.**

To sustain court's action in vacating order, requiring security for costs from nonresident plaintiffs on ground that they had no notice of order, Supreme Court will presume, if necessary, that no motion was made when order was entered.

**3. Costs ☞111—Demand served on plaintiffs not motion to require security for costs.**

Demand, served on nonresident plaintiffs and filed in cause, that they give security for costs, did not operate per se as motion to require security, under Code 1907, § 3687.

**4. Costs ☞117 — Order declaring dismissal without further order, on failure to give security for costs in time fixed, ineffective.**

Provision of order, requiring security for costs from nonresident plaintiffs within 20 days, that cause should stand dismissed without further order on failure to comply therewith, was ineffective, under Code 1907, § 3687, as motion to dismiss must be made or renewed after plaintiffs are in default.

**5. Mandamus ☞43—Awarded to enforce defendant's right to have costs secured.**

Mandamus will be awarded to enforce defendant's right to have costs secured by nonresident plaintiffs, by directing dismissal if security be not given, as directed by court in exercise of sound judicial discretion.

**6. Costs ☞119—Security should be required before costs have largely accumulated.**

Security for costs should be required, under Code 1907, § 3687, before costs have largely accumulated.

**7. Costs ☞119—Refusal to dismiss, where security is given before final motion to dismiss, not abuse of discretion.**

Court, fixing time for nonresident plaintiffs to give security for costs, may exercise same just discretion in imposing terms, on plaintiff's offering security after such time, especially if continuance results, and does not abuse discretion in refusing to dismiss cause where security is actually given before final motion to dismiss.

**8. Costs ☞119—Court may receive deposit for costs taken by clerk or register after time fixed.**

Taking of nonresident plaintiffs' deposit for costs by clerk or register, after time fixed by

court, cannot bind latter; but deposit may be received as in nature of tender to be considered in guiding court's further discretion.

**9. Mortgages ☞27—Power of attorney to dispose of debtor's property held not equitable mortgage entitling creditor to retain proceeds in satisfaction of debt.**

Power of attorney to creditor to take charge of debtor's property and dispose of it as he sees proper does not create equitable mortgage entitling creditor to retain proceeds of sale in satisfaction of debt.

**10. Mortgages ☞30—Equitable mortgage cannot be created by deposit of title deeds as security for debt.**

As equitable, like legal, mortgage must be evidenced by writing to avoid statute of frauds, though no apt words of conveyance or other express terms are necessary to create it; English chancery doctrine, that equitable mortgage may be created by deposit of title deeds as security for debt, does not prevail in Alabama.

**11. Executors and administrators ☞225(8)— Administrator's claim held barred when not presented.**

Where attorney in fact became his principal's administrator in 1905, and though administration was pending for 12 years, never presented any claim, any indebtedness of principal to him was barred by statute of nonclaim, and gave him no right to retain proceeds of principal's land, sold under power of attorney from principal's successors in title.

**12. Fraudulent conveyances ☞277(3) — Burden on grantee to aver and prove valuable consideration.**

Where bill, in suit to set aside conveyances to grantor's wife, as in fraud of creditors, averred that conveyances were voluntary and without valuable consideration, burden was on grantee to aver and prove valuable consideration, in what it consisted, and when and how it was paid.

**13. Fraudulent conveyances ☞300(5)—Valuable consideration for conveyances to grantor's wife held not shown.**

Evidence *held* insufficient to show that conveyances to grantor's wife were made in satisfaction of bona fide indebtedness.

**14. Limitation of actions ☞29(2)—Debt for money received by attorney in fact held not "unliquidated demand" or "open account."**

Debt of $1,100 for money received by debtor as attorney in fact for property sold by him for creditors *held* not unliquidated demand or open account.

**15. Limitation of actions ☞37(4) — Action against grantee under fraudulent conveyance barred 10 years from accrual of cause of action.**

Statute of limitations in favor of grantee under conveyance, actually or constructively fraudulent, as against vendor's existing creditors, is 10 years from accrual of cause of action.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**16. Fraudulent conveyances ⬤⇨251—Grantor's heirs, and personal representative not necessary parties to suit to set aside fraudulent conveyances.**

Neither grantor's heirs nor personal representative are necessary parties to suit to set aside fraudulent conveyance, and subject land to demands of grantor's existing creditors; no personal decree being sought binding assets of estate, as any surplus arising from sale would go to grantee, between whom and grantor conveyance is valid.

**17. Fraudulent conveyances ⬤⇨52(1)—Lot occupied as homestead by grantor not subject to creditors' claims.**

Creditors' demand against attorney in fact for proceeds of sales of realty being ex contractu, town lot occupied by attorney, who was resident of state, as homestead, and worth less than legal exemption on date of his deed thereof to his wife was not subject of fraudulent conveyance, notwithstanding subsequent increase in value, and creditors had no right therein.

**18. Homestead ⬤⇨42 — Occupant of lot as homestead need not file claim in office of probate judge.**

One occupying lot as homestead need not file claim thereto in office of judge of probate.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Ann Harris and Gwilym Lewis against George A. Davis and Margaret A. Davis, to declare conveyances void as fraud on creditors. From a decree for complainants Margaret A. Davis appeals. Corrected and affirmed.

L. A. Keene and James A. Mitchell, both of Birmingham, for appellant.

On failure of complainants to give security for costs the cause should have been dismissed. Code 1907, §§ 3687, 3688; Ex parte Bradshaw, 174 Ala. 243, 57 South. 16. The giving of power of attorney to sell the real estate of Lloyd under the circumstances created an equitable mortgage in favor of George A. Davis. Newlin v. McAfee, 64 Ala. 357; Butts v. Broughton, 72 Ala. 299; Carroll v. Kelly, 111 Ala. 665, 20 South. 456; Loyd v. Guthrie, 131 Ala. 65, 31 South. 506; Woodruff v. Adair, 131 Ala. 545, 32 South. 515; Kyle v. Bellenger, 79 Ala. 516; Powell v. Jones, 72 Ala. 392; Ross v. Perry, 105 Ala. 538, 16 South. 915. Appellant loaned money of her separate estate to George A. Davis, and he could convey property to her in reimbursement. Elam v. Brewer Co., 176 Ala. 57, 57 South. 483. Complainants' claim was barred by the statute of limitations. Code 1907, § 4840 (5); Blythe v. Enslen, 203 Ala. 692, 85 South. 1. There can be no fraud upon the creditor by conveyance of the homestead. Pollak v. McNeil, 100 Ala. 203, 13 South. 937.

Edward T. Rice, of Birmingham, for appellees.

It was necessary that a motion be made to require the giving of security for costs and also a motion to dismiss for failure. First Nat. Bank v. Cheney, 120 Ala. 117, 23 South. 733; Ex parte Bradshaw, 174 Ala. 243, 57 South. 16. The making of demand was not the equivalent of a motion. Wallace v. Lewis, 9 Mont. 399, 24 Pac. 22; 28 Cyc. 3.; Reid v. Fillmore, 12 Wyo. 72, 73 Pac. 849. Defendant was estopped by her conduct to have the cause dismissed. Brown v. Bamberger, 110 Ala. 342, 20 South. 114; Empire Co. v. Roberts, 16 Ala. App. 86, 75 South. 634; 4 C. J. 1364. The security demanded having been given, the purpose of the statute has been met. Whitaker v. Sanford, 13 Ala. 522; Lyons v. Long, 6 Ala. 103; 15 C. J. 217. No equitable mortgage was created in favor of Davis. Edwards v. Scruggs, 155 Ala. 568, 46 South. 850. The burden was upon defendant to show good faith and valuable consideration. Killian v. Cox, 132 Ala. 664, 32 South. 738; Noble v. Gilliam, 136 Ala. 618, 33 South. 861; Robinson v. Moseley, 93 Ala. 70, 9 South. 372; Gamble v. Aultman, 125 Ala. 372, 28 South. 30; Wood v. Riley, 121 Ala. 100, 25 South. 723; Freeman v. Stewart, 119 Ala. 158, 24 South. 31; Watts v. Burgess, 131 Ala. 333, 30 South. 868; Moog v. Barrow, 101 Ala. 209, 13 South. 665. Complainants' claim was not within the statute of limitations. 2 Wood on Limitations (4th Ed.) 200; Washington v. Norwood, 128 Ala. 383, 30 South. 405; Stoutz v. Huger, 107 Ala. 248, 18 South. 126. Neither of defendants had the right to claim homestead exemption in this case. Kimball v. Cunningham Hdw. Co., 201 Ala. 409 (6), 78 South. 787; Yeend v. Weeks, 104 Ala. 331, 16 South. 165, 53 Am. St. Rep. 50; Stanley v. Ehrman, 83 Ala. 215, 3 South. 527; Sherry v. Brown, 66 Ala. 53.

BOULDIN, J. The purpose of the bill is to set aside certain conveyances of real estate from husband to wife for fraud, and subject the property to the payment of the demands of existing creditors of the grantor. The first questions presented for review are the several rulings of the trial court resulting in a refusal to dismiss the cause for failure of nonresident complainants to give security for costs of suit, as required by section 3687, Code of 1907. The record shows the following:

The bill was filed August 29, 1919. It avers the complainants are citizens of Wales. No security for costs was given when bill filed. On September 20, 1919, respondents filed a "demand" that complainants give security for costs. On November 4, 1919, the following order was made and filed:

"In this cause it is ordered that the complainant give security for costs to be approved by the register of this court within 20 days from this date, or that said cause will stand dismissed without further orders from this court."

On February 20, 1920, the solicitor for complainants deposited $25 with the register, who entered on the fee book:

"2/20/20. Rec'd of Edw. T. Rice the sum of twenty-five and $00/100$ dollars a/c costs."

On April 19, 1920, respondents filed their motion reciting the order of November 4, 1919, alleging that complainants had not complied therewith by giving security for costs within the time specified therein, and moving a dismissal of the cause. On April 20, 1920, the following decree was entered and filed:

"In this cause, it appearing to the court that heretofore on, to wit, the 4th day of November, 1919, a decree was made and entered by this court ordering the complainant to give security for costs within 20 days from said date, and whereas, it further appearing to the court that the complainants had no notice of said decree,' and have since said decree given security for costs as required by said decree, the court is of the opinion that the decree of November 4, 1919, should be set aside, vacated, and annulled, and this cause reinstated. It is therefore ordered, adjudged, and decreed by the court that the decree made and entered on the 4th day of November, 1919, be and hereby is set aside, vacated, and annulled, and this cause reinstated."

The record shows a motion to vacate the last-named order; also a formal answer and hearing on the motion of April 19, 1920; a renewal of the motion to dismiss was made at a later stage, resulting in a refusal to dismiss the cause; finally a motion and order to require additional security for costs, which was given. We deem it unnecessary to set out in detail these several proceedings.

"*Nonresidents must Give Security for Costs.* —All suits at law or in equity, commenced by or for the use of a nonresident of this state, must be dismissed on motion, if security for the costs, approved by the clerk or register, be not given by such nonresident when the suit is commenced, or within such time thereafter as the court may direct." Code 1907, § 3687.

[1] Under our early statutes, the proceedings to require security for costs were begun by notice given to the plaintiff by the defendant. 1 Brick. Dig. p. 422. Under our present statute, jurisdiction is invoked by a motion in court.

[2, 3] The order of November 4th does not show any motion was made. It was vacated on the recited ground that plaintiff had no notice of the order. To sustain the action of the court, we would, if need be, presume that no motion was made at the time that order was entered. The demand served on plaintiff and filed in the cause would not operate, per se, as a motion under the statute.

[4] If treated as a sufficient order fixing the time within which the nonresident complainants should give security for costs, that portion of the order declaring that, on failure to comply therewith, the cause should stand dismissed without further order was ineffective. The statute clearly states in the alternative that the cause shall be dismissed on motion, if security for costs be not given within such time as the court shall direct. In case time is given, the motion must be made or renewed after the plaintiff is in default by noncompliance. Ex parte Bradshaw, 174 Ala. 243, 57 South. 16. In the very recent case of Daggett v. Boomer, 210 Ala. 673, 99 South. 181, the court said:

"The trial court had a discretionary power to prescribe the time within which the nonresident contestant should give security for cost, and an equally discretionary power to extend the time."

In that case, the time first fixed had expired, and the party had given security the following day, which the court approved by proceeding with the cause. The cause is still in fieri, and the power of the court to direct the time for giving security is still in being. Ex parte Jones, 83 Ala. 587, 3 South. 811; Colley v. Atlanta Brewing & Ice Co., 196 Ala. 374, 72 South. 45.

[5] It is the legal right of the defendant to have the costs secured. Mandamus will be awarded to enforce this right by directing a dismissal of the suit, if security be not given as directed by the trial court in the exercise of a sound judicial discretion. First National Bank v. Cheney, 120 Ala. 117, 23 South. 733.

[6, 7] Security should be required before the costs have largely accumulated. If the party offers security after the time limit has expired, especially if a continuance of the cause results, the court may exercise the same just discretion in imposing terms upon the party in default. We can see no abuse of discretion where the security is actually given, as in this case, before any final motion is made to dismiss. The end of the law is met. A dismissal of the cause would settle nothing on the merits, and would merely encourage a multiplicity of suits, with further delay in the administration of justice. This question was left undecided in the Bradshaw Case, supra.

[8] We may note that taking a deposit for costs by the clerk or register after the time fixed by the court has expired cannot, of course, bind the court; but it is not amiss to receive the deposit, as in the nature of a tender to be considered in guiding the further discretion of the court. There was no error in these rulings.

It is admitted in this cause that, pursuant

to a power of attorney executed by these complainants, their real estate had been sold by George A. Davis, and the proceeds, $1,100 had been received therefor, and never paid over. Thereafter, George A. Davis executed to his wife, Margaret A. Davis, the conveyances now attacked as in fraud of complainants, his existing creditors.

[9] Among the defenses set up is a denial of the indebtedness. The substance of this contention is: About 1895, some 20 years before these conveyances, the lands were owned by Thos. R. Lloyd, through whom complainants claim. Wishing to return to Europe, Lloyd borrowed money and became otherwise indebted to George A. Davis, and delivered to Davis all his property, and the title deeds to his lands, accompanied by a power of attorney in writing, granting full power

—"for me and in my name to take charge of all my property, real and personal, and also all stocks and bonds owned in my name, giving the said George A. Davis full power and authority to dispose of my property as he sees proper, and to do all acts necessary to be done in the premises."

[10] It is sought, by parol evidence to show that this transaction, accompanied with the deposit of title deeds, created an equitable mortgage in favor of George A. Davis, which persisted until the lands were sold under power of attorney executed in 1913, by complainants, and that George A. Davis was therefore entitled to retain the proceeds in satisfaction of the mortgage debt. There is nothing in Lloyd's power of attorney bearing any resemblance to a mortgage. The doctrine of English chancery, that an equitable mortgage may be created by the deposit of title deeds as security for debt, has never been the law of Alabama. Lehman, Durr & Co. v. Collins, 69 Ala. 127; Woodruff v. Adair, 131 Ala. 530, 32 South. 515. The express ground on which it is denied is that an equitable mortgage, like a legal mortgage, must be evidenced by writing to avoid the statute of frauds. The difference is that no apt words of conveyance, nor other express terms, are necessary to create an equitable mortgage. There must, however, be some writing showing the lands are charged with the payment of debt. Edwards v. Scruggs, 155 Ala. 568, 46 South. 850.

[11] Thos. R. Lloyd, the record shows, died, and George A. Davis became the administrator of his estate in 1905. The administration was pending some 12 years, and no claim was ever presented by George A. Davis as required by law. Admittedly, the debt was barred by the statute of nonclaim as against the estate of the decedent, and there is no standing in court to now hold the proceeds of this land as assets of his estate. For these reasons it is unnecessary to pass upon the evidence as to whether Lloyd was justly indebted to George A. Davis.

[12] It is further set up that the conveyances by George A. Davis to Margaret Davis, here assailed for fraud, were made in satisfaction of a bona fide pre-existing debt of the grantor to the grantee. The averment of the answer in this regard is:

"For a further answer to the bill of complaint this defendant says that, as far back as the year 1913, and subsequent to said date, she acquired in her own right various sums of money approximating in all about the sum of $6,000; that the said Geo. A. Davis was, during the said period, engaged in the coal and timber business and various mercantile enterprises, and that she advanced to him various amounts approximating the sums aforesaid, no part of which has ever been repaid; that the said Geo. A. Davis became enfeebled in health and mind, and that to secure the repayment of the advances made by her she procured the conveyances to be made of which complainant complains, and that ever since she has been in the possession of the said property, paid the taxes thereon, and exercised the rights of ownership."

[13] The bill averred the conveyances were voluntary, without valuable consideration. This cast upon the grantee the burden to aver and prove a valuable consideration, in what it consisted, and when and how it was, paid. A study of the evidence shows that, during the period indicated, Margaret Davis carried on savings deposit a considerable account. It appears a goodly portion of it was collected by way of damages for a railroad accident, and from time to time checks were drawn in favor of the husband or concerns in which he was interested. Much of the funds so deposited from time to time are not shown to have been her funds. We reach the conclusion from the bank book itself, and concurrent unexplained facts, that the money of these complainants found its way into her deposit account. The complainants' lands were sold by George A. Davis on January 20, 1914. The price paid was $1,100. On January 21, 1914, $1,045 appears as a deposit to the account of Margaret Davis. A receipt is in evidence showing $55 commissions paid for making the sale. This receipt is dated in July following, but bears evidence on its face that it covered the commissions of 5 per cent. on the sale of complainants' property. The bank account carried in the name of Margaret Davis appears to be rather a family purse. Her testimony, taken as a whole, tends to disclaim any indebtedness from husband to wife.

Without a long drawn review of the evidence, we reach the conclusion that the respondent, Margaret Davis, has not met the burden of proof, which the law casts upon her. Noble v. Gilliam, 136 Ala. 618, 33 South. 861; Wood v. Riley, 121 Ala. 100, 25 South. 723; Gamble v. Aultman, 125 Ala. 372, 28

South. 30; Freeman v. Stuart, 119 Ala. 158, 24 South. 31; Watts v. Burgess, 131 Ala. 333, 30 South. 868; Robinson v. Moseley, 93 Ala. 70, 9 South. 372; Moog v. Barrow, 101 Ala. 209, 13 South. 665; Killian v. Cox, 132 Ala. 664, 32 South. 738. The same conclusion obtains as to the resulting trust sought to be established in her favor upon a portion of the property deeded to her.

[14] The debt of $1,100 for money coming to the hands of George A. Davis, as attorney in fact for these complainants, was in no sense an unliquidated demand or open account.

[15] This action is not barred by the statute of limitations of 1 or 3 years. The statute of limitations, in favor of the grantee holding under a conveyance of real estate, actually or constructively fraudulent, as against the existing creditors of the vendor, is 10 years from the accrual of complainants' cause of action. Washington v. Norwood, 128 Ala. 383, 30 South. 405.

[16] In a suit in equity to set aside a fraudulent conveyance of lands, and subject them to the demands of the existing creditors of the grantor, since deceased, neither his heirs nor personal representative are necessary parties—no personal decree being sought binding the assets of his estate. As between the grantor and grantee the conveyance is valid, and any surplus arising from a sale would go to the grantee. The estate has no interest in such suit. Davis v. Stovall, 185 Ala. 173, 64 South. 586; Staton v. Rising, 103 Ala. 454, 15 South. 848.

[17] Included in the property sought to be condemned is a house and lot described as "lot two (2) block one (1), according to J. R. Gardner's addition to west end, a map of which is recorded in the office of the probate judge of Jefferson county, Ala."

The pleadings and proof sufficiently show that, at the time of the conveyance of this property by George A. Davis to his wife, Margaret Davis, it was occupied by him as a homestead; that he was a resident of Alabama; that the property consisted of an ordinary town lot; that, after deducting the incumbrance thereon, it was less in value than $2,000.

[18] Complainants' demand against George A. Davis was ex contractu. It follows this property was not the subject of fraudulent conveyance. Being the homestead, creditors had no rights in it. The owner was free to sell it or give it to his wife at pleasure. The value is determined as of the date of the deed. Being then of less value than the homestead exemption allowed him by law, he could and did convey a good title to it. This title could not be affected by any subsequent increase in value. Being occupied as his homestead, there was no necessity for him to file a claim thereto in the office of the judge of probate. Brock Candy Co. v. Elson, ante, p. 244, 100 South. 94.

The case is unlike Kennedy v. First National Bank, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308, wherein the homestead was an unselected portion of a larger tract. In such case the property is condemned as a whole, and the homestead right allowed in money from the proceeds. Here the law selects the homestead to which the debtor was entitled, and withdraws it from the claims of creditors. There is no fraud in the conveyance of such homestead, because there is no injury to creditors.

The decree of the court below will be here corrected by striking out the homestead lot as above described, and, as corrected, will be affirmed. The costs of appeal will be taxed one-half to appellant and one-half to appellees.

Corrected and affirmed.

All the Justices concur.