153 So. 282

### MITCHELL et al. v. SESSOMS GROCERY CO.

### 4 Div. 740.

Supreme Court of Alabama.
Dec. 21, 1933.

Rehearing Denied March 22, 1934.

E. O. Baldwin, of Andalusia, for appellants.

J. L. Murphy and Powell, Albritton & Albritton, all of Andalusia, for appellee.

THOMAS, Justice.

The bill by the wife sought cancellation of a mortgage upon her land on the grounds that it was a mere suretyship for the husband's debts contrary to the statute (Code 1923, § 8272), and sought redemption of the land from the mortgage. The wife and the husband were proper parties to the bill. Cudd v. Reynolds, 186 Ala. 207, 65 So. 41; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; Horst v. Barret, 213 Ala. 173, 177, 104 So. 530.

The recent cases are collected in Dewberry v. Bank of Standing Rock (Ala. Sup.) 150 So. 463;[1] Alabama Farm Bureau Credit Corporation v. Emma G. Helms (Ala. Sup.) 151 So. 589;[2] Spencer v. Leland, 178 Ala. 282, 59 So. 593; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Smith v. D. Rothschild & Co., 212 Ala. 276, 102 So. 206; Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 663; Fourth Nat. Bank of Montgomery v. Woolfolk, 220 Ala. 344, 347, 125 So. 217.

In such a case equity looks through the form to the true facts in determining whether the wife directly or indirectly became the husband's surety. Smith v. D. Rothschild & Co., supra; Dewberry v. Bank of Standing Rock, supra; Alabama Farm Bureau Credit Corporation v. Emma G. Helms, supra; Van Derslice v. Merchants' Bank, supra; Bell v. Farmers' Nat. Bank of Opelika, 214 Ala. 211, 106 So. 851.

This court has declared that where a wife gives a mortgage on her property and receives a check therefor, and immediately indorses and returns the same to the mortgagee, in pursuance of a prior design, as security for the husband's debt or contract, it will be considered that the wife did not have any freedom in disposing of the money so obtained, and that the arrangement was an agreement for suretyship in accordance with the statute. Bell v. Farmers' Nat. Bank, supra; Spencer v. Leland, 178 Ala. 282, 59 So. 593; Smith v. Thompson, 201 Ala. 633, 79 So. 195; People's Bank of Greensboro v. Steinhart, 186 Ala. 205, 65 So. 60; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258.

When the evidence is carefully considered from the purchase of the lot and the building of the house thereon at Red Level, the indebtedness was that of the wife, and the subsequent transactions were but arrangements of payment or extension thereof, and did not offend the statute against suretyship, and the trial court so rendered judgment.

---

[1] 227 Ala. 484.
[2] 227 Ala. 636.

The judgment of the circuit court, in equity, is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

